UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Case No. 19-CV-00290-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement.

1. <u>Jurisdiction & Service</u>

Plaintiffs brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served, and there are no issues concerning personal jurisdiction.

2. <u>Facts</u>

On May 24, 2018, the American Civil Liberties Union Foundation and American Civil Liberties Union Foundation of Northern California (together, the "ACLU") submitted a FOIA request (the "Request") to the submitted a FOIA request (the "Request") to the Department of Justice (DOJ), the Federal Bureau of Investigation (FBI), the Department of Homeland Security

(DHS), U.S. Customs and Border Protection (CBP), U.S. Citizenship and Immigration Services (CIS), U.S. Immigration and Customs Enforcement (ICE), and the Department of State (State Department) seeking the release of records related to the surveillance and monitoring of social media users and speech. The ACLU has not yet received any releases of records in response to the Request.

On January 17, 2019, the ACLU filed this lawsuit.

Defendants filed their Answer on March 25, 2019. ECF No. 18.

3. Legal Issues

At this juncture, this lawsuit raises several legal issues under FOIA:

- Whether Defendants have conducted an adequate search for records responsive to the Request. *See* 5 U.S.C. § 552(a)(3);

- Whether Defendants have processed the Request expeditiously and as soon as practicable. *See id.* § 552(a)(6)(E);

- Whether Defendants have promptly made available the records sought by the Request. *See id.* § 552(a)(6)(A);

- With respect to certain Defendants, whether Plaintiffs failed to properly exhaust administrative remedies because their FOIA request does not reasonably describe the records sought. *See id.* § 552(a)(3)(A).

- In addition, the parties have agreed that, to the extent Defendants withhold or redact responsive records, the parties may litigate, in this suit, whether such withholdings or redactions are permissible under FOIA. *See id.* § 552(b).

4. Motions

There are no prior or pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, it can ultimately be resolved on summary judgment.

5. Amendment of Pleadings

No party anticipates amending its pleadings.

6. Evidence Preservation

The parties acknowledge their duty to preserve relevant materials in accordance with rules and case law applicable to FOIA actions.

7. Disclosures

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

8. Discovery

To date, no discovery has been taken by any party. Defendants note that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery"). Plaintiffs do not currently anticipate propounding discovery, but Plaintiffs note that discovery may be appropriate in certain circumstances and reserve the right to seek discovery. *See, e.g.*, *Carney v. DOJ*, 19 F.3d 807, 812-13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate").

9. Class Actions

This is not a class action.

10. Related Cases

Counsel for the parties are unaware of any related cases before another judge of this Court.

11. Relief

Plaintiffs seek the relief set forth in their Prayer for Relief. *See* Compl., ECF No. 1 at 10.

12. Settlement and ADR

This case has been assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program. ECF No. 7. The parties have conferred about ADR processes in conformance with ADR L.R. 3-5. The parties respectfully submit that this case is not well-suited to ADR resolution, and that ADR is not likely to increase the likelihood of resolving this matter. The parties therefore request that the Court exempt this case from ADR.

13. Consent to Magistrate Judge For All Purposes

Plaintiffs consented to assignment of this case to a magistrate judge for all purposes. Defendants declined.

14. Other References

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties have conferred, and intend to continue conferring, in an effort to reach agreement regarding the scope of the Request and Defendants' processing and production of responsive documents.

16. Expedited Trial Procedure

The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

17. Scheduling

The parties have conferred regarding Defendants' processing of the Request and production of responsive records. Specifically, the parties are in the process of negotiating the scope of the Request vis-à-vis the State Department and DOJ's Office of Information Policy ("OIP"), which is processing the Request submitted to DOJ. The parties may engage in similar discussions regarding the scope of the Request vis-à-vis DHS.

Regarding the processing of the Request, Defendants state: CBP, ICE, and USCIS have begun processing the Request. ICE anticipates that it will issue an interim response by May 24, 2019, followed by monthly rolling responses that will be complete by September 24, 2019. CBP anticipates that it will issue a first interim response to the Request by June 15, 2019, and that it will provide a second response, and a schedule for any further rolling responses, by July 15, 2019. USCIS has completed its search in response to the Request, but is currently transitioning to a new system for FOIA records processing, which is delaying final processing of the records located in its search. USCIS anticipates that it will be able to provide an update on anticipated processing time in the near future. The FBI is processing the Request and anticipates that it will

be able to inform Plaintiffs by May 15 of a date by which it will be able to provide a final response with respect to at least some portions of the Request.

Plaintiffs reserve the right to request that the Court set a deadline for completion of Defendants' processing and production of responsive records.

The parties propose that they submit a joint status report updating the Court on the progress of the parties' negotiations, and the Defendants' processing of responsive documents, no later than June 3, 2019.

18. Trial

The parties anticipate that this entire case will be resolved on summary judgment, if the parties do not reach a negotiated resolution.

19. Disclosure of Non-party Interested Entities or Persons

Defendants are government entities that are exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. As set forth in Plaintiffs' Civil Local Rule 3-15 statement filed on June 21, 2017, ECF No. 3, counsel for Plaintiffs certify that other than the named parties, there is no such interest to report.

20. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

//
//
//
//
//
//
//
//

Respectfully submitted,

DATED: April 25, 2019

/s/*Hugh Handeyside*
Hugh Handeyside
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
hhandeyside@aclu.org

Matthew Cagle
American Civil Liberties Union Foundation of
    Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org
*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/ Elizabeth Tulis*
ELIZABETH TULIS (NY Bar)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Telephone:  (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*