

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

**Courier Address:**
Rm 12522
1100 L Street, NW
Washington, DC 20005

---

| | | |
|---|---|---|
| Elizabeth Tulis | Telephone: | (202) 514-9237 |
| Trial Attorney | Fax: | (202) 616-8470 |
| | Email: | elizabeth.tulis@usdoj.gov |

June 14, 2019

<u>**VIA ECF**</u>
Hon. Edward M. Chen
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    <u>**ACLU et al. v. DOJ et al.**</u>, 19-cv-290-EMC

Dear Judge Chen:

      I write respectfully, pursuant to the Court's request, to address a question posed by the Court during the status conference held earlier this week in the above-referenced FOIA case.

      As the Court may recall, defendant FBI initially issued a "Glomar" response to Plaintiffs' entire FOIA request, stating that it could neither confirm nor deny the existence of records responsive to any portion of the request. Plaintiffs administratively appealed that response, and, earlier this year, the Department of Justice's Office of Information Policy ("OIP") adjudicated that appeal and remanded the request to the FBI. The FBI subsequently re-processed Plaintiffs' FOIA request, and recently issued a modified response in which it informed Plaintiffs that it was conducting a search for records responsive to some parts of the request, but could still neither confirm nor deny the existence of records responsive to a few subparts of the request. At Wednesday's conference, Plaintiffs' counsel informed the Court that Plaintiffs believed that the FBI's modified response to Plaintiffs' FOIA request was inconsistent with OIP's earlier remand decision. The Court inquired whether Plaintiffs could administratively appeal the FBI's modified response.

      Although during the conference, I indicated that I was not aware of a reason why such an appeal would be unavailable, my recollection of the governing regulations was incorrect. Specifically, 26 C.F.R. § 16.8(b)(2) provides that "[a]n appeal ordinarily will not be adjudicated if the request becomes a matter of FOIA litigation." Because the request at issue is already in litigation, it appears that OIP could not presently adjudicate an administrative appeal of the FBI's modified response.

      Plaintiffs concur with this assessment and state that, in light of the unavailability of administrative relief, the parties should submit a briefing schedule for resolution of the parties' dispute regarding the FBI's Glomar response. Defendants submit that the Court should not bifurcate summary judgment briefing; rather, the parties should address all issues in a single round of motions.

- 2 -

Respectfully,

*/s/ Elizabeth Tulis*
Elizabeth Tulis

cc:     Plaintiffs' counsel