UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 19-CV-00290-EMC <br><br> **JOINT STATUS REPORT** |

The parties jointly submit this status report pursuant to the order issued by the Court following the status conference held on September 5, 2019.

I.   *Defendants' Report*

   A.   *Status of Plaintiffs' Request to FBI.*

The FBI continues to process Plaintiffs' FOIA Request, at a rate of 500 pages reviewed per month, and has made several productions to Plaintiffs. Approximately 5700 pages remain to be processed. Accordingly, the FBI estimates that it will be able to complete processing of FBI documents by November 2020, after which an additional two months will be needed for consultations with other government agencies. Therefore, taking into account anticipated referrals and consultation, the FBI estimates that its productions will be complete by January

2021.

B.  *Status of Plaintiffs' Request to DHS.*

The parties reached agreement on the scope of a search by the DHS Privacy Office. The DHS Privacy Office has not yet initiated its search, but is in the process of gathering the custodian information necessary to do so. The search will be conducted by the Office of Chief Information Officer (OCIO), and the DHS Privacy Office estimates that it will task the search to OCIO by the end of this week. The Privacy Office cannot at this time estimate how long the search will take, as the search timeline is affected by a number of factors, but it generally takes OCIO 2 to 4 weeks to complete a FOIA search.

In addition, following negotiations between the parties, the DHS Privacy Office agreed to refer the FOIA Request to DHS's Office of Intelligence & Analysis ("I&A"). Although the DHS Privacy Office previously informed the undersigned government counsel that the referral to I&A had been made, that information was incorrect. The DHS Privacy Office made the formal referral to I&A on January 8, 2020. I&A estimates that it will require one month to complete its search. I&A will process documents located in the search at a rate of 250 pages per month, which is its normal rate, and anticipates that it will make its first production in February 2020.

In response to Plaintiffs' statements below, the government notes that I&A is only involved in this litigation as a result of post-Complaint negotiations between the parties and DHS's willingness to take action not required by FOIA in order to narrow the disputes for the Court's resolution.

FOIA requires that requesters submit their FOIA requests in accordance with rules and regulations promulgated by the applicable agency. *See* 5 U.S.C. § 552(a)(3)(A). "DHS has a decentralized system for responding to FOIA requests, with each component designating a FOIA office to process records from that component," 6 CFR § 5.3(a)(1), and DHS regulations direct requesters to "write

directly to the FOIA office of the component that maintains the records being sought," *id.* Plaintiffs did not submit their FOIA Request to I&A—though they did direct their Request to several other DHS components, including CBP, USCIS, and ICE. FOIA requesters who are uncertain as to which component would maintain responsive records may instead submit their request to the DHS Privacy Office. *See id.* § 5.3(a)(2). However, the Privacy Office in such cases is only obligated to forward the request to the component or components "that it determines to be most likely to maintain the records that are sought," not to every component that *might* possess such records. *Id.*

Thus, the Privacy Office was under no obligation in this case to forward or refer Plaintiffs' request to I&A.[1] Nonetheless, as part of the ongoing attempts by the parties to resolve as many issues as possible without the Court's intervention, the DHS Privacy Office agreed to make such a referral. Until I&A is able to complete its search and determine the universe of potentially responsive documents, I&A cannot estimate the date by which its processing and productions will be complete. Contrary to Plaintiffs' suggestion, no Defendant has "conced[ed]" that I&A "plainly has numerous responsive records." Indeed, while I&A anticipates that it will locate responsive documents, I&A cannot confirm that it has responsive records, or determine how many such records it has, until it completes its search.

    C.    *Status of Plaintiffs' Request to OIP.*

After meetings and conferral between the parties, Plaintiffs agreed to narrow the universe of documents that they seek from DOJ, and, based on that agreement, DOJ's Office of Information Policy ("OIP") is now completing an updated

---

[1] The case cited by Plaintiffs below, *New Orleans Workers' Center for Racial Justice v. U.S. Immigration & Customs Enforcement*, 373 F. Supp. 3d 16 (D.D.C. 2019), is inapposite because unlike I&A in this case, all the DHS offices at issue in that case were part of (and fell within search purview of) the component to which the plaintiffs had submitted their FOIA request, namely, ICE. *See id.* at 36.

responsiveness review of documents located in its search so that it can determine the universe of responsive documents.. Even taking into account Plaintiffs' agreement to narrow the time period for which they are seeking records, OIP still must review over 25,000 *documents* (not pages) located in its initial search for responsiveness. OIP will then process documents determined to be responsive. OIP is attempting to complete its responsiveness review within six months. OIP's plan to complete this review within six months will require review of over 4200 documents per month, which exceeds the normal rate at which OIP is able to complete such reviews. Once OIP has determined the universe of responsive documents, it will be able to determine an estimated processing timeline.

      D.    *Status of Plaintiffs' Request to the State Department*

The State Department has made three productions so far. It continues to review and process documents located in its search, at a rate of approximately 450 pages every six weeks. As of December, over 4,000 pages remained to be processed.

      E.    *Status of Plaintiffs' Request to the Remaining Defendants.*

ICE has now completed its productions to Plaintiffs, with the exception of certain records that were referred to government contractors for review. ICE has received some of those records back but is still waiting on records from one additional government contractor.  Upon receipt of the additional records, ICE will complete its processing and productions to Plaintiffs.  CBP and USCIS have completed their productions.

*Plaintiffs' Response*

In light of Defendants' report, Plaintiffs maintain that several Defendant components are not moving expeditiously enough to process Plaintiffs' Request and produce responsive documents.

The DHS Privacy Office, DHS's Office of Intelligence & Analysis, and the

Department of Justice have yet to produce a single document in response to the Request—which Plaintiffs submitted in May 2018—notwithstanding Plaintiffs' agreement to narrow the scope of the Request vis-à-vis the DHS Privacy Office and DOJ's OIP. DHS's I&A, which is the component within DHS that exercises overall responsibility for policies related to social media surveillance, did not even *receive* the Request for processing until January 8, 2020 because DHS did not transmit the Request to I&A.

DHS has provided no valid explanation for its failure to ensure that I&A received and processed the Request as required by FOIA and DHS's implementing regulations. Those regulations state that a FOIA request may be submitted to the DHS Privacy Office, which "will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." 6 CFR 5.3. Plaintiffs did so here, in compliance with the regulation. *See also New Orleans Workers' Center for Racial Justice v. Immigration & Customs Enf't*, 373 F. Supp. 3d 16, 36-39 (D.D.C. 2019) (discussing DHS's responsibility to search any and all components it has reason to know possess responsive records). As Defendants appear to concede, I&A plainly has numerous responsive records. Indeed, documents already produced in this lawsuit show that the head of I&A was designated the chair of the DHS Social Media Vetting Task Force. Other documents obtained separately through FOIA set forth I&A's policy on collection, analysis, and retention of information on social media platforms.

In light of these delays and the inexplicable failure to include I&A in DHS's search, Plaintiffs request that the Court set a firm timetable for the DHS Privacy Office, I&A, and OIP to complete the search, processing, and production of responsive documents by August 31, 2020. "Unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses." *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). A court "may use its equitable powers to require the

agency to process documents according to a court-imposed timeline." *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). Plaintiffs further request that the Court direct the DHS Privacy Office and I&A to use search cut-off dates no earlier than the dates they actually conduct their searches. *See, e.g.*, *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 644 (D.C. Cir. 2002) (holding that date-of-request cut-off policy was unreasonable and that defendant should have applied date-of-search cut-off).

As to Defendant FBI, Plaintiffs' position is that the newly disclosed estimated completion date of January 2021 is unreasonable considering the age of the Request and the urgent need to inform the public about the FBI's ongoing use of social media surveillance techniques. Now that the Court has ruled on the FBI's motion for partial summary judgment regarding the FBI's Glomar assertion (Dkt. 39), Plaintiffs request that the Court set a timetable for the FBI's remaining processing and production of documents by August 31, 2020, to coincide with the requested timetables for the components above.

DATED: January 9, 2020

Respectfully submitted,

/s/
Matthew Cagle
American Civil Liberties Union Foundation
 of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org

Hugh Handeyside
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500

hhandeyside@aclu.org

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/*
ELIZABETH TULIS (NY Bar)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Telephone:  (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*