1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-OAKLAND DIVISION

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, *et al.*,

      *Plaintiffs*,

    v.

DEPARTMENT OF JUSTICE, *et al.*,

      *Defendants*.

Case No. 19-CV-00290-EMC

**JOINT STATUS REPORT**

     The parties jointly submit this status report pursuant to the Court's order dated April 14, 2020 (ECF No. 50), addressing the status of searches and processing of records by DOJ's Office of Information Policy ("OIP") and the DHS Privacy Office ("DHS").

**Defendants' Report**

     OIP reports that it is currently on schedule to finish its responsiveness review of records located in its initial search in or before July 2020, within its original estimated timeframe. OIP has so far reviewed approximately 21,000 of the 25,000 documents located in its initial search, and only a small portion of those documents appear likely responsive. Although OIP cannot confirm its processing timeline until it has completed its responsiveness review and confirmed the

1

universe of responsive documents, based on the review so far, OIP anticipates that it will be able to complete processing of responsive documents by the end of the calendar year. The constraints faced by OIP are those detailed in Defendants' February 19, 2020, letter brief (ECF No. 45).

Plaintiffs and DHS have continued to confer regarding the search terms to be utilized in DHS's electronic records search, and DHS has agreed to re-run its electronic search using updated search terms agreed to by the parties. DHS is not able to provide an estimated date for completion of its search at this time. DHS reports that it is unable to provide an estimated search timeline because of a variety of constraints, both related and unrelated to the COVID-19 pandemic. Specifically:

1.     As previously explained, the DHS Privacy Office is struggling to handle a significant increase in the number of FOIA requests and FOIA litigation matters.  In addition to processing incoming FOIA requests for records, the DHS Privacy Office must also process records that are the subject of these litigations. Of the cases in which the DHS Privacy Office is directly involved, 16 cases are at the point where the DHS Privacy Office is actively facilitating the production of documents, and DHS anticipates that several more will reach that stage within the next month.  These cases, which include cases where a court has ordered DHS to produce a set number of pages, or where DHS has agreed to produce a set number of pages and informed the court of those agreements, require the DHS Privacy Office to process at least 7,500 pages per month, and it is anticipated that similar court orders may be issued in one or more other pending cases potentially making this total even higher in the near future.  Many of these litigations have monthly court-ordered production deadlines.  The DHS Privacy Office is endeavoring to meet all these deadlines at the same time as being responsive to all of the incoming FOIA requests as well as the continuous need to show progress in each given case in litigation.

2.     The recent emergence of the COVID-19 pandemic in the United

2

States is placing additional burdens on the DHS Privacy Office. DHS attorneys and analysts who work in support of FOIA litigation for the DHS Privacy Office are primarily teleworking at this time, and are facing a range of challenges as a result of the current closures, restrictions and limitations resulting from the COVID-19 pandemic, including new childcare responsibilities due to school and daycare closures, which can reduce these employees' productivity.

3.     Additionally, the number of DHS employees teleworking due to the COVID-19 pandemic is placing unprecedented strain on the Department's networks and other systems.  For example, since moving to full-time telework, members of the FOIA Litigation Team have been experiencing periodic network interruptions that limit their ability to view and send emails, or even to login to the DHS network remotely.  Similarly, the DHS Headquarters IT personnel within the Office of the Chief Information Officer (OCIO) who conduct the back-end searches for FOIA requests are also working remotely during the pandemic, and this has affected the speed at which they are able to conduct searches as well.

DHS reports that, because of these constraints, it is unable to provide a search initiation date for its revised electronic search or a search completion date. As soon as DHS can provide this information, it will promptly advise Plaintiffs and the Court.

**Plaintiffs' Report**

Plaintiffs are cognizant of, and sensitive to, the burdens that the COVID-19 pandemic has imposed on employees nationwide, including FOIA personnel at OIP and DHS. Plaintiffs note, however, that persistent delays by OIP and DHS in processing Plaintiffs' request long predated the onset of the pandemic. It therefore remains Plaintiffs' position that OIP and DHS have failed to meet their obligations to search for and promptly produce records as required under FOIA.

Despite multiple agreements by Plaintiffs to narrow the scope of the request vis-à-vis OIP, it remains unclear when OIP will begin producing responsive

documents. Plaintiffs agreed on June 3, 2019—nearly a year ago—to a narrowed set of custodians for OIP's search, but OIP still has not concluded the responsiveness review that it informed the Court it was conducting as of August 30, 2019. *See* ECF No. 29 at 2. OIP did not even begin to articulate a timeline for review and production of documents until the parties filed their January 9, 2020 Joint Status Report. ECF No. 40 at 3-4. Indeed, Defendants' report above contains OIP's first tentative timeline for concluding the processing of responsive records— albeit without any indication when OIP will actually produce records to Plaintiffs. The bulk of these delays are not attributable to the COVID-19 pandemic and cannot be squared with OIP's obligations under FOIA. *See* Pls.' Letter Brief, ECF No. 46 at 5-9.

As with OIP, Plaintiffs have agreed to multiple requests from DHS Privacy to narrow the scope of the request or adjust search parameters, but it has failed to provide a processing timeline, let alone produce any responsive records. Plaintiffs proposed revised search terms to DHS on June 3, 2019 and, in response to DHS's request, proposed DHS headquarters components to search for records responsive to parts 3 and 4 of the request on August 27, 2019. *See* ECF No. 29 at 2. DHS did not counter that proposal until October 8, 2019; Plaintiffs responded on October 22, 2019, and at Plaintiffs' urging, DHS finally responded with a counterproposal on December 13, 2019. Plaintiffs agreed to those parameters on December 16, 2019, but it was not until January 14, 2020 that DHS "tasked" the Office of the Chief Information Officer to conduct the search. *See* Defs.' Letter Brief, ECF No. 45 at 7. DHS, however, followed up with multiple renewed requests, separated by weeks of delay, to modify the search terms; Plaintiffs responded promptly to each such request. As of the date of this status report, DHS states that it agrees to further revised search parameters, but it still declines to provide an estimated search timeline, let alone any indication when it will begin producing responsive records or conclude its production. COVID-19 notwithstanding, DHS has failed to meet its

4

FOIA obligations.

As in their February 19 Letter Brief, Plaintiffs respectfully ask that the Court impose a firm deadline for OIP and DHS Privacy to conclude their searches, process responsive records, and produce them to Plaintiffs on a rolling basis such that the parties can address redactions and withholdings and, if necessary, resolve disputes over such withholdings through summary judgment briefing. Plaintiffs request that any such timeline take into account the urgent need for the records to inform ongoing public discussion and debate regarding social media surveillance, and Defendants' repeated delays in responding to Plaintiffs' request.

Respectfully submitted,

DATED: May 5, 2020          /s/ Hugh Handeyside
                            Hugh Handeyside
                            American Civil Liberties Union Foundation
                            125 Broad Street, 18th Floor
                            New York, NY 10004
                            Telephone: 212-549-2500
                            hhandeyside@aclu.org

                            Matthew Cagle
                            American Civil Liberties Union Foundation
                                of Northern California
                            39 Drumm Street
                            San Francisco, CA 94111
                            Telephone: 415-621-2493
                            mcagle@aclunc.org

                            *Attorneys for Plaintiffs*

JOINT STATUS REPORT
CASE NO. 19-CV-00290-EMC

1

2

JOSEPH H. HUNT
Assistant Attorney General

3

4

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

5

6

*/s/*  Elizabeth Tulis

7

ELIZABETH TULIS (NY Bar)
Trial Attorney

8

U.S. Department of Justice,

9

Civil Division, Federal Programs Branch

10

1100 L Street, NW
Washington, D.C.  20005

11

Telephone:  (202) 514-9237

12

elizabeth.tulis@usdoj.gov

13

14

*Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6