1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, *et al.*,

     *Plaintiffs*,

  v.

DEPARTMENT OF JUSTICE, *et al.*,

     *Defendants*.

Case No. 19-CV-00290-EMC

**JOINT STATUS REPORT**

     The parties jointly submit this status report pursuant to the Court's order dated May 7, 2020 (ECF No. 54), addressing the status of searches and processing of records by DOJ's Office of Information Policy ("OIP"), the Federal Bureau of Investigation ("FBI"), the State Department ("State"), DHS's Office of Intelligence & Analysis ("I&A") and the DHS Privacy Office ("DHS").

**Defendants' Statement**

     I.     OIP

     OIP reports that it has completed its responsiveness review of records located in its initial search, and has begun to process responsive documents. OIP identified 967 pages of responsive records. Several responsive documents located in OIP's search originated with other agencies or components, and OIP has

1

referred those documents to the appropriate agencies and components for processing. OIP anticipates that it will make its first interim release to Plaintiffs on or before June 12, 2020, and plans to continue making rolling releases on a monthly basis through September 12, 2020. OIP is open and OIP personnel are teleworking full-time, though many employees are dealing with childcare issues that could potentially cause delay.

## II.   State Department

State reports that although the agency has taken steps to increase its remote FOIA processing capabilities, it remains unable to process records in this case because the agency's FOIA office is practicing maximum telework, and the records at issue reside in a system that is operated exclusively on a classified network to which FOIA personnel only have access while in State workspace.

On April 20, 2020, the Office of Personnel Management directed that plans for ramping back up Federal Government operations will follow the National guidelines for Opening Up America Again. Those guidelines include a phased approach for the resumption of normal activities, which can begin only after certain epidemiological "gating criteria" are met on a location-by-location basis. Consistent with this guidance, the Department of State is developing a phased approach for resumption of operations. At this point, the Department of State's Washington, D.C. offices have not yet entered the first phase, and State expects that FOIA processing capabilities will remain similarly limited after entry into the first phase. State can provide an update on the status of its FOIA operations to Plaintiffs and the Court in 30 days.

## III.   FBI

The FBI has resumed FOIA processing on a limited basis, and issued a further interim response to Plaintiffs on May 19, 2020. As explained in this letter, the FBI reviewed 102 pages for this response, but release no records because the pages were all subject to exemptions.

Overall, the FBI has processed 3,664 pages of responsive records and released 596 pages. There are approximately 4,381 pages remaining to be processed.

The FBI expects to continue monthly rolling responses but cannot commit to a set number of pages per month due to the reduction in staff in the FBI's Record/Information Dissemination Section ("RIDS"). In light of COVID-19, RIDS staff – the personnel responsible for processing FOIA requests – were designated non-mission critical on March 17, 2020, and sent home.  RIDS resumed operations on a limited basis on April 29, but a significant number of employees remain unavailable to report to work.  In addition, initially no more than one-third (and currently no more than one-half) of RIDS employees are permitted to work on any given day.

Prior to the impact of COVID-19, RIDS standard rate of production in FOIA litigations was 500 pages per month reviewed in cases where more than 500 responsive pages were identified. In addition to the reduction in staffing and reduced number of hours in the office, further reductions in productivity will occur when RIDS facilities must be closed for disinfection if employees who have entered the space become symptomatic, unknowingly come into contact with someone who is COVID-19 positive, or test positive for the virus after being present in RIDS facilities. These efforts to disinfect areas where the virus may have spread are necessary precautionary measures the FBI is using to prevent the spread of the virus. RIDS employees cannot be present in facilities while such cleanings are conducted due to safety concerns.

RIDS currently has approximately 86 separate FOIA litigations with processing demands. Considering these limitations, and in an effort to be equitable and process records in as many cases as possible (many of which predated Plaintiff's request and lawsuit), RIDS anticipates that it will be able to make a release of an undetermined number of pages in this matter with monthly

3

productions but cannot guarantee a set number of pages.

## IV. DHS

Since the parties submitted their last status report, DHS reports that it undertook a new electronic search using search terms agreed to by Plaintiffs. This search was divided into 7 parts, and the first part of the search yielded approximately 540GB of data. This volume of data is too large to be feasibly processed because the DHS FOIA processing system has difficulty loading more than 10GB at a time, and loading all 540GB for part 1 of the request would use up most of the storage space available in the DHS FOIA processing system. Processing the results of even this first part of the search thus would prevent DHS from processing records in response to numerous other currently pending FOIA cases in litigation and thousands of FOIA requests currently awaiting responses from DHS. Moreover, it is likely that the volume of data for parts 2-7 of the currently defined electronic search would be even larger. The DHS system therefore would not likely be able to handle those searches either. DHS intends to further confer with Plaintiffs to attempt to reach agreement on a narrowed search.

## V. DHS I&A

DHS I&A reports that it completed processing of all records located by I&A personnel in their manual searches, which totaled approximately 850 pages. After completion, consistent with the Smislova declaration and agreement between the Parties, I&A began processing the email records located by the automated search performed by the DHS Office of the Chief Information Officer on I&A's behalf. In May, I&A processed 500 pages of these records, releasing five pages, referring 300 pages to other DHS offices and components, and finding 195 pages to be unresponsive or duplicates. I&A will continue to process at least 500 pages of these records per month. Currently, I&A has the capacity to process the records at issue remotely and expects to be able to complete its review and processing by December 31, 2020.

4

**Plaintiffs' Statement**

Plaintiffs remain cognizant of the challenges that the current pandemic has imposed on government operations. Nonetheless, Plaintiffs have communicated to Defendants their growing concerns that the State Department has not taken adequate steps to restore its processing capacity, in line with other government agencies, nor has it made available to Plaintiffs a concrete plan and timeline for the restoration of processing capacity. Plaintiffs have also requested updated information from the FBI on its anticipated processing rate in light of the alterations in its operations due to COVID-19.

Separately, Plaintiffs note that the chronic delays in DHS's participation in conferral over the scope of the request have persisted. Plaintiffs remain willing to engage in further conferral with DHS regarding the scope of the request but believe that the conferral process should be subject to a firm deadline. Plaintiffs further note that the apparent technical limitations in DHS's FOIA processing system— limitations that other agencies do not appear to have—should not dictate the scope of Plaintiffs' request for public records.

**Next Steps**

The parties propose filing a further joint status report on the above issues in 30 days.

Respectfully submitted,

DATED: June 5, 2020

/s/ _____

Hugh Handeyside
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
hhandeyside@aclu.org

Matthew Cagle

5

American Civil Liberties Union Foundation
  of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org

*Attorneys for Plaintiffs*


JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/*
ELIZABETH TULIS (NY Bar)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Telephone:  (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*

JOINT STATUS REPORT
CASE NO. 19-CV-00290-EMC