UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 19-CV-00290-EMC <br><br> **JOINT STATUS REPORT** |

The parties jointly submit this status report pursuant to Judge Illman's order dated July 23, 2020 (ECF No. 66), addressing the status of searches and processing of records by the Department of Justice's Office of Information Policy ("OIP"), the Federal Bureau of Investigation ("FBI"), the State Department ("State"), the Department of Homeland Security's Office of Intelligence & Analysis ("I&A") and the DHS Privacy Office ("DHS").

**Defendants' Report**

    I.    OIP

OIP is continuing to process responsive records located in its search and is making monthly rolling releases of non-exempt records. OIP issued its most recent interim response on August 12, 2020, and anticipates that it will make its final

release of documents on or about September 14, 2020.

## II.    FBI

The FBI issued its tenth release on July 31, 2020, having reviewed 503 pages and released 211 pages. Approximately 3,604 pages remain to be processed. The FBI anticipates processing another set of approximately 500 pages and releasing non-exempt information on or about August 31, 2020. The FBI is making its best efforts to continue with operations and meet pre-COVID-19 schedules for FOIA productions but reports that, given the uncertainty during this time, FOIA operations again could be negatively impacted by COVID-19 workplace disruptions.

## III.    State Department

State continues to follow Executive branch guidance and take necessary precautions to mitigate the threat of COVID-19 to the community. Since the last joint status report, State has taken further steps to resume FOIA processing within this framework. Namely, State's Washington, D.C. offices entered Phase Two of the three-phase plan for the resumption of operations effective beginning July 27, 2020 (after having entered Phase One on June 15, 2020). Under Phase Two, bureaus are no longer required to maximize telework, but are encouraged to continue maximizing telework and extending telework flexibilities. The Department's phased return to normal operations has allowed a limited number of FOIA staff to regain access to FREEDOMS 2, the document review platform used in this case that is available exclusively on a classified network. The Office of Information Programs and Services ("IPS") (State's FOIA office) has implemented a plan to maximize the impact of these limited resources across all of the Department's FREEDOMS 2 cases, but onsite FOIA processing is still seriously constrained and will likely remain that way until the Department returns to full operations.

Although a limited number of State FOIA personnel (approximately 20%)

have returned to the office to perform on-site work on at least a part-time basis, State employees responsible for processing the documents at issue in this case are not performing on-site work.  Because the processing platform for this case is housed on State's classified network that cannot be accessed remotely, these employees do not have access to the systems in which these documents reside.

State will direct the very limited onsite resources it anticipates having during phase two to maximize the impact across its FOIA litigation caseload.  The FOIA personnel who have resumed some on-site work have been directed to work on the cases to which they were assigned before the pandemic, and to direct any surplus capacity, to the extent it exists, to (1) cases for which all processing of both classified and unclassified records is almost complete, and (2) cases involving requests for which the Department granted expedited processing.  This case does not fall into either category.

For the foregoing reasons, State is not in a position to propose a date for the resumption of productions of material collected by State searches in this case. State is, however, working to process documents received for consultation in connection with this litigation that are available on unclassified systems, which can be processed remotely.  State will keep Plaintiffs and the Court apprised as its FOIA processing capabilities change.

IV.   DHS Privacy Office ("DHS")

During the past 30 days, the DHS litigation team has been attempting to address multiple competing priorities, including producing records pursuant to numerous court-ordered production schedules, and preparing for numerous hearings, 30(b)(6) depositions, and mediation appearances. As DHS has previously communicated to Plaintiffs, DHS has determined that Plaintiffs' proposed date range for item 1 of the FOIA request is too broad and would yield an unmanageable set of records to review for potential responsiveness. However, DHS continues to be willing to attempt negotiate a solution with Plaintiffs. DHS

proposes that the parties schedule a meeting for the week of August 31 to attempt to resolve this remaining search issue.

V.    DHS I&A

Consistent with the agreed-upon production schedule, I&A continues to process at least 500 pages of potentially responsive records per month and made its most recent production on August 10.

**Plaintiffs' Report**

I.    State Department

The State Department's failure to resume processing records in accordance with its FOIA obligations is causing needless delay, continues to deprive the public of information it is entitled to access, and is out of step with the practice of other federal agencies during the COVID-19 pandemic. As Defendants' report makes clear, other federal agencies have implemented plans enabling continued processing of FOIA requests despite the pandemic. Indeed, multiple other agencies that handle classified information as a routine matter—including the National Security Agency, the Central Intelligence Agency, and the FBI—have resumed processing FOIA requests notwithstanding constraints associated with the pandemic and considerations relevant to handling classified information. The State Department's continued failure to implement measures that would enable it to resume processing this Request on at least a limited basis is increasingly untenable.

Plaintiffs request that the Court direct the State Department to adopt and communicate to Plaintiffs a plan for continued processing of records responsive to Plaintiffs' Request within a reasonable timeframe.

II.    DHS Privacy Office

DHS Privacy remains in breach of its FOIA obligations. Its long-term, unexplained failure to respond promptly to Plaintiffs' communications and make reasonable efforts to reach agreement on search parameters has continued during recent months. *See, e.g.*, ECF Nos. 46 at 4, 53 at 4-5, 55 at 5. On June 26, 2020,

the parties and their counsel participated in a conference call to discuss technological constraints affecting DHS's searches in response to Plaintiffs' FOIA request. On June 29, in light of that conversation, Plaintiffs sent Defendants' counsel another proposal in an attempt to reach a resolution as to the scope, date range, and terms for the search. Defendants' counsel subsequently acknowledged that DHS Privacy was amenable to the proposal except as to one element relating to the date range for Part 1 of the Request. As of the date of this report, however—and despite requests from Plaintiffs' counsel for a response—DHS Privacy has not provided further details, a counter-proposal, or a timeline under which it will commence and complete its search.

Plaintiffs respectfully request that the Court direct that DHS Privacy promptly respond to Plaintiffs' proposal, reach agreement on search specific parameters, and begin its search and processing of responsive documents.

**Next Steps**

Plaintiffs have noted specific requests to the Court in their statement above. The parties jointly propose filing a further status report in 30 days.

DATED: August 24, 2020

Respectfully submitted,

*/s/*  
Hugh Handeyside  
American Civil Liberties Union Foundation  
125 Broad Street, 18th Floor  
New York, NY 10004  
Telephone: 212-549-2500  
hhandeyside@aclu.org

Matthew Cagle  
American Civil Liberties Union Foundation  
  of Northern California  
39 Drumm Street  
San Francisco, CA 94111  
Telephone: 415-621-2493

mcagle@aclunc.org

*Attorneys for Plaintiffs*

ETHAN P. DAVIS
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/*
ELIZABETH TULIS (NY Bar)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Telephone:  (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*