UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Case No. 19-CV-00290-EMC<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's order of November 19, 2020 (ECF No. 88), the parties jointly submit this status report to address the status of searches and processing of records by the Department of Justice's Office of Information Policy ("OIP"), the Federal Bureau of Investigation ("FBI"), the State Department ("State"), the Department of Homeland Security's Office of Intelligence & Analysis ("I&A") and the DHS Privacy Office ("DHS").

**Defendants' Report**

I.  OIP

OIP has completed its productions, with the exception of records pending consultation with other Department components and Executive Branch agencies. OIP will be issuing additional responses once these consultations are completed.

II.   FBI

The FBI issued its 14th release on November 30, 2020. Approximately 1,557 pages remain to be processed following that release. The FBI anticipates processing approximately 537 pages and releasing non-exempt information on or about December 30, 2020.

III.   State Department

On July 27, 2020, the Department entered Phase Two of its three-phase process for the resumption of normal operations. Between July 27 and November 25, 2020, bureaus were no longer required to maximize telework but were encouraged to continue maximizing telework and extending telework flexibilities. However, in light of rising COVID-19 cases across the country, the Department announced on November 25, 2020, that it was reverting to a more restrictive policy that would maximize telework through January 3, 2021, and directing that employees should only come to the office to perform required duties that cannot be accomplished while teleworking. On December 21, 2021, the Department announced that its National Capital Region offices would be regressing to Phase One until January 18, 2021. This and other unforeseen developments related to the pandemic have hindered the Department's ability to carry out its plan to transfer the unclassified, potentially responsive documents in this case from a classified system to an unclassified system. Accordingly, it is uncertain whether the Department can meet the December 30 production deadline. The Department will confer with Plaintiffs in advance of the deadline in the event that it determines it cannot make the scheduled production.

IV.   DHS Privacy Office ("DHS")

DHS is still working on ingesting the files resulting from the search conducted by the Office of the Chief Information Officer (OCIO). DHS is ingesting the data in 10 GB increments. Once the ingestion is complete, DHS will be able to determine a total page count of potentially responsive records, and

2

JOINT STATUS REPORT
CASE NO. 19-CV-00290-EMC

address a production schedule.

V.     DHS I&A

I&A has continued to make monthly productions and anticipates that it will complete its processing this month.

**Plaintiffs' Report**

The Court ordered DHS Privacy to "commence the search, processing, and production of records responsive to the Request by October 2, 2020." ECF No. 77. To date, DHS Privacy still has not produced a single page of responsive material, and it is now clear that DHS Privacy has not even initiated a *search* for responsive records, aside from the limited search that it says it conducted regarding Part 1 of the Request. *See* ECF No. 87 at 2. These continued delays are unexplained and at odds with FOIA's clear command to make records "promptly available." *See* 5 U.S.C. § 552(a)(3)(A); *see also Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (concluding that an agency's unreasonable delay in disclosing documents violated the FOIA and that "courts have a duty to prevent these abuses"). Plaintiffs again respectfully request that DHS Privacy be required to produce all responsive records promptly and by a date certain, so that Plaintiffs may seek any necessary further relief from the Court regarding DHS Privacy's search and production of records.

Regarding the State Department's status report, Plaintiffs are not insensitive to the constraints that the pandemic has imposed on work environments nationwide, and Plaintiffs will confer with the State Department to the extent necessary. However, Plaintiffs again note that other agencies, including all other Defendants herein, have demonstrated the ability to devise contingency plans and continue FOIA-related operations notwithstanding the pandemic. More than nine months into the pandemic, the State Department must do the same.

**Next Steps**

Plaintiffs have requested specific relief as to DHS Privacy, as set forth above. DHS objects to Plaintiffs' demand and would request an opportunity to

submit a formal response prior to the Court ordering any relief.

The parties jointly propose filing a further joint status report in 30 days.

Respectfully submitted,

DATED: December 21, 2020

/s/
Hugh Handeyside
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
hhandeyside@aclu.org

Matthew Cagle
American Civil Liberties Union Foundation
  of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org

*Attorneys for Plaintiffs*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

/s/
ELIZABETH TULIS (NY Bar)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Telephone:  (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*