UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 19-CV-00290-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's order of September 17, 2020 (ECF No. 76), the parties jointly submit this case management statement to address the status of searches and processing of records by the Department of Justice's Office of Information Policy ("OIP"), the Federal Bureau of Investigation ("FBI"), the State Department ("State"), the Department of Homeland Security's Office of Intelligence & Analysis ("I&A"), and the DHS Privacy Office ("DHS").

**Defendants' Status**

I.     OIP

OIP has completed its productions, with the exception of records pending consultation with other Department components and Executive Branch agencies.  OIP will be issuing additional responses once these consultations are

1

completed.

## II. FBI

The FBI issued its 15th release on December 30, 2020. The FBI is processing approximately 260 pages for this month and anticipates releasing non-exempt information on or about January 29, 2021. Approximately 760 pages remain to be processed following that release. Due to COVID-19 work disruptions, the FBI's Record/Information Dissemination Section ("RIDS") has experienced a reduction of approximately 50% of in-person staff, which has resulted in a reduction of the standard processing rate.

## III. State Department

State previously reported that it anticipated resuming production on December 30 but that unforeseen developments related to the pandemic had hindered its ability to carry out its plan to transfer the unclassified, potentially responsive documents in this case from a classified system to an unclassified system. For the aforementioned reasons, State was unable to make the production on December 30 and advised Plaintiffs that it would make the production by January 13. State made the production on January 13, informing Plaintiffs that eight additional responsive records had been processed and all had been withheld in full. State is endeavoring to make its next production by February 24, and will endeavor to make productions every six weeks thereafter. However, State has continued to experience technical difficulties transferring the potentially responsive documents into the review platform on the unclassified system. State will confer with Plaintiffs in advance of the February 24 deadline in the event that it determines it cannot make the scheduled production. State requests the opportunity to provide additional background about its processing capabilities before the Court enters any specific relief.

## IV. DHS Privacy Office

Regarding Part 1 of Plaintiff's request, on September 30, 2020, DHS sent the

Office of Policy a revised tasking to conduct a targeted search using the keywords/filters suggested by Plaintiff for this search tasking: "social media AND (collect* OR monitor* OR search)" and the date range of May 1, 2015 through September 8, 2020. This search is now complete and has resulted in 659 pages.

For Parts 2, 3, and 5 of Plaintiff's request, DHS tasked OCIO to conduct a search on October 1, 2020, using the date parameters January 1, 2018 through January 14, 2020 and the keywords/filters: (1) (Purchase or subscription or acquisition or payment or agreement) AND (Product or service) AND (Immigration Benefits or immigration enforcement or border screening or transportation screening or criminal conduct) AND (social media AND collect*) AND (monitor OR search) and (2) social media AND investigat* AND (risk or illegal or enforce* or target* or predict* or algorithm* or vetting). DHS continues to work on ingesting the data resulted from the OCIO search in 10 GB increments. DHS has ingested the first 10 GB and reports that it has located responsive records. DHS has ingested the second and third parts into FOIAXpress and these parts are still being reviewed for responsiveness. DHS is currently in the process on ingesting part 4 of 38 parts into FOIAXpress. DHS will not know the total number of pages until it completes the process of ingesting all 38 parts into FOIAXpress.

V.   DHS I&A

I&A has completed its processing of records and made its final production to Plaintiffs on January 4, 2021, through counsel.

VI.   ICE, CBP, and USCIS

Pursuant to the schedule entered by the Court on January 13, 2021, ICE, CBP, and USCIS will file their motion for summary judgment as to the adequacy of their search for records and application of FOIA exemptions today, January 28, 2021.

**Plaintiffs' Report**

1. DHS Privacy

As Plaintiffs set forth in previous status reports, DHS Privacy has chronically delayed its processing of the FOIA request and has entirely failed to produce records in accordance with its FOIA obligations. *See, e.g.*, ECF Nos. 91, 87, 80, 79. The Court previously ordered DHS Privacy to "commence the search, processing, and production of records responsive to the Request by October 2, 2020." ECF No. 77. To date, however, DHS Privacy still has not produced a single page of responsive material, despite having completed a search that yielded responsive records. Nor does DHS Privacy even have an anticipated production schedule for the remaining parts of the search it was directed to conduct nearly four months ago.

These continued delays are unexplained and wholly at odds with FOIA's clear command to make records "promptly available." *See* 5 U.S.C. § 552(a)(3)(A); *see also Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (concluding that an agency's unreasonable delay in disclosing documents violated the FOIA and that "courts have a duty to prevent these abuses"). Plaintiffs respectfully renew their request that DHS Privacy be required to process responsive records without further delay. Plaintiffs also renew their request that DHS Privacy be directed to complete its production by a date certain—April 30, 2021—so that Plaintiffs may seek any necessary further relief from the Court regarding DHS Privacy's search and production of records.

2. State Department

The State Department also lags well behind other Defendants in resuming processing of the FOIA request. Plaintiffs understand that the pandemic has imposed constraints on work environments nationwide, and Plaintiffs will confer with the State Department to the extent necessary. However, Plaintiffs again note that the State Department has not even set forth an anticipated production schedule for responsive records. Other agencies, including other Defendants herein, have demonstrated the ability to devise contingency plans and continue FOIA-related

operations notwithstanding the pandemic. More than ten months into the pandemic, the State Department must do the same.

Plaintiffs therefore respectfully request that the State Department be directed to expedite the processing of responsive records and complete its production by April 30, 2021.

**Next Steps**

Plaintiffs have requested specific relief as set forth above.

The parties jointly propose filing a further joint status report in 30 days.

Respectfully submitted,

DATED: January 28, 2021

*/s/Matthew Cagle*
Matthew Cagle
American Civil Liberties Union Foundation
  of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org

Hugh Handeyside
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
hhandeyside@aclu.org

*Attorneys for Plaintiffs*


BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/Michael J. Gerardi*
MICHAEL J. GERARDI
Trial Attorney
U.S. Department of Justice,

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*