# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 19-CV-00290-EMC <br><br> **JOINT STATUS REPORT** |

The parties jointly submit this status report pursuant to the Court's order of February 23, 2021 (ECF No. 103), to set forth the parties' agreed-upon proposed schedule for the State Department to complete its processing of records in this case, and the parties' agreed-upon proposed schedule for the DHS Privacy Office ("DHS") to complete its processing of records responsive to Part 1 of the request. The parties have not reached agreement on the proper approach at this point with respect to DHS's processing of Parts 2, 3, and 5 of the request and have set out their respective positions below.

I. State Department

The parties have agreed that the State Department will continue making rolling productions of responsive records. They have also agreed that the State

Department will complete its productions by September 1, 2021, and that there will be no minimum page processing requirement per production.

II. DHS Privacy Office

The parties have agreed that DHS will begin rolling monthly productions of records responsive to Part 1 of the Request by March 31, 2021, and will process a minimum of 250 pages per month. The parties disagree regarding Parts 2, 3, and 5:

A. DHS's Proposal

DHS intends to complete ingestion of data associated with Part 2 of the Request into the FOIAXpress processing system on a timeline sufficient to begin making monthly rolling productions of records related to Part 2 by July 30, 2021. DHS proposes to begin ingesting data located in its electronic searches for Parts 3 and 5 after ingestion of Part 2 is complete. DHS will continue ingestion of Parts 3 and 5 while processing and production of records responsive to Part 2 are ongoing. At this point, however, DHS cannot provide a timeline for completing ingestion of the records located in the electronic searches for Parts 3 and 5 of the Request, because any such timeframe would be speculative given the multiple variables in play:

DHS currently has 118 litigation cases that are open, 21 of which we are making monthly productions. Two of the cases in litigation, like this one, involve exceptionally large amounts of data. One has approximately 399 GB with rolling production beginning at the end of March. Similar to this case, DHS will be continuing to ingest data while producing on parts that have been ingested. The other matter has approximately 250 GB and DHS is in the process of ingesting that data.

In this case, DHS currently has approximately 348 GB of data total remaining to be ingested for Parts 2, 3, and 5. DHS has already begun ingesting data related to Part 2. DHS ingests data into DHS's FOIA processing system, FOIAXpress, in 10 GB increments, which due to system limitations is the largest

size of increment that can be ingested by FOIAXpress at any one time. Because the FOIAXpress platform can facilitate the ingestion of no more than one 10 GB increment at a time—across all of DHS's FOIA cases—and in view of competing demands in other FOIA cases in litigation, it is not possible at this point to provide further estimates on when ingestion for Parts 3 and 5 will be complete.

The uncertainty in future projections should in no way be taken to mean that DHS will not continue in good faith to ingest and process records. DHS loads 10 GB increments across the various cases and moves to the next chunk of 10 GB on a continuous basis. Thus, for example, after it completes ingestion of data related to Part 2, it will move on to ingesting the 10 GB chunks related to Part 3 and will do so while also processing and producing records responsive to Part 2. Once DHS completes ingestion of Part 3, it will move on to ingesting data related to Part 5, even if it is at the same time still processing and producing records responsive to Part 2.  In other words, DHS will not delay the ingestion process while producing on any one part of the Request.

DHS can update Plaintiffs and the Court when it has more information regarding a timeline for completing ingestion of data related to Parts 3 and 5.

### B. Plaintiffs' Proposal

Plaintiffs submitted their FOIA Request nearly three years ago and filed this lawsuit more than two years ago. Over one year ago, Plaintiffs noted DHS Privacy's unexplained failure to conduct a search for records, or even to communicate that failure. *See* ECF Nos. 40, 46 at 4. Since then, Plaintiffs have repeatedly called attention to DHS Privacy's chronic delays and its continued failure to proceed with a search and set forth a reasonable schedule for the timely processing and production of records in response to the Request. *See* ECF Nos. 99, 91, 87, 80, 79, 67, 55, 53. These delays, regardless of their cause, are at odds with FOIA's clear command to make records "promptly available." See 5 U.S.C. § 552(a)(3)(A); see also Long v. IRS, 693 F.2d 907, 910 (9th Cir. 1982) (concluding

that an agency's unreasonable delay in disclosing documents violated the FOIA and that "courts have a duty to prevent these abuses").

Plaintiffs respectfully submit that any next steps vis-à-vis DHS Privacy must account for this pattern of long-term delinquency. Accepting DHS Privacy's proposal of open-ended "ingestion" of potentially responsive material would permit what would amount to a fresh start—latitude to which DHS Privacy simply is not entitled.

Plaintiffs' position is that DHS Privacy should have completed its search and begun processing responsive records years ago. That it inexplicably has not done so does not constitute cause for months—or more—of further delay. Rather, DHS Privacy should immediately complete the ingestion of the material potentially responsive to Parts 2, 3, and 5, promptly evaluate that material for responsiveness, and propose a timetable by March 31, 2021 for the processing of responsive documents and completion of the production. The parties could then confer regarding DHS Privacy's proposal and submit a further joint status report by April 16, 2021.

Because of DHS Privacy's multi-year failure to search for and produce responsive records, it has been and remains Plaintiffs' position that DHS Privacy should process and produce records created on or before the date it conducts, or conducted, its most recent search for records responsive to Parts 2, 3, and 5, and after January 1, 2018. *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 644 (D.C. Cir. 2002) (absent compelling justification, defendant should have applied date-of-search cut-off for responsive records).

Respectfully submitted,

DATED: March 2, 2021

*/s/ Hugh Handeyside*
Hugh Handeyside
American Civil Liberties Union Foundation

125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
hhandeyside@aclu.org

Matthew Cagle
American Civil Liberties Union Foundation
　of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org

*Attorneys for Plaintiffs*


BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/ Elizabeth Tulis*
ELIZABETH TULIS (NY Bar)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Telephone:  (202) 514-9237
elizabeth.tulis@usdoj.gov

*Attorneys for Defendants*