UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 19-cv-00290-EMC   (RMI)<br><br>**ORDER**<br><br>Re: Dkt. No. 107 |

On February 11, 2021, Judge Chen ordered the parties to prepare a schedule for production and rolling production in this matter. (dkt. 101). In this regard, the Parties were ordered to return to the undersigned for a hearing regarding the setting of firm dates. *Id*. It should also not go without mention that, as Judge Chen put it, the "lack of production of any documents to date is unacceptable. Previous orders with deadlines have not been met, and this greatly concerns the court." *Id*. On February 23, 2021, the Parties appeared before the undersigned, and the undersigned gave the parties a chance to meet and confer and to arrive at a mutually agreeable schedule for initial production as well as for any subsequent rolling production. (dkt. 103). At that hearing, the undersigned warned the parties that any failure to arrive at a mutually agreeable schedule would result in the imposition of a court-imposed schedule which would then be enforced by the various means at the court's disposal.

Thereafter, the Parties jointly filed a status report an agreed upon schedule with respect to production expected from the Department of State, but reflecting an impasse regarding certain portions of the the expected production from the Department of Homeland Security ("DHS"). *See generally* Joint Status Report (dkt. 107). As to the Department of State, the Parties have agreed

"that the State Department will continue making rolling productions of responsive records . . . [and] that the State Department will complete its productions by September 1, 2021, and that there will be no minimum page processing requirement per production." *Id*. at 1-2. As to the production expected from DHS, the Parties "have agreed that DHS will begin rolling monthly productions of records responsive to Part 1 of the Request by March 31, 2021, and will process a minimum of 250 pages per month." *Id*. at 2. **IT IS SO ORDERED**. Let the Parties be forewarned, these deadlines are *firm* and no extensions or relief from this schedule will be entertained by the undersigned absent extraordinary circumstances; failure to comply with these deadlines may result in sanctions.

As to Parts 2, 3, and 5 of the Request, the parties disagree. *See id*. at 2-4. For its part, DHS provides various explanations (including the limitations of a particular software application that DHS uses, and the number of court cases with which DHS is faced) for stating: (1) "DHS intends to complete ingestion of data associated with Part 2 of the Request into the FOIAXpress processing system on a timeline sufficient to begin making monthly rolling productions of records related to Part 2 by July 30, 2021"; and, (2) "in view of competing demands in other FOIA cases in litigation, it is not possible at this point to provide further estimates on when ingestion for Parts 3 and 5 will be complete . . . [but that] DHS can update Plaintiffs and the Court when it has more information regarding a timeline for completing ingestion of data related to Parts 3 and 5." *Id*. at 2-3. The undersigned finds DHS's proposal to be unacceptable.

Accordingly, DHS is **ORDERED** to immediately undertake and complete the ingestion of the materials potentially responsive to Parts 2, 3, and 5, while promptly evaluating that material for responsiveness. Thereafter, DHS is **FURTHER ORDERED** to propose its timeline for the processing of responsive documents and the completion of the production by filing such proposal on the docket of this court no later than 12:00 noon on Thursday, April 22, 2021. If Plaintiffs are so inclined, they may file a response to DHS's proposed timeline no later than 12:00 noon on Friday, April 23, 2021. Once again, these deadlines are firm and no extensions or relief will be entertained by the undersigned absent extraordinary circumstances; and, any failures in compliance may result in sanctions.

1       **IT IS SO ORDERED.**

2    Dated: March 26, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge