UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00290-EMC (RMI)<br><br>**ORDER**<br><br>Re: Dkt. Nos. 114, 115 |

On March 26, 2021, the court entered an order directing the Department of Homeland Security ("DHS") to adhere to a certain schedule regarding the processing and production of documents in this Freedom of Information Act case. *See* Order of March 26, 2021 (dkt. 110). DHS was warned that the "deadlines are firm and no extensions or relief will be entertained by the undersigned absent extraordinary circumstances; and, any failures in compliance may result in sanctions." *Id*. at 2. Instead of complying, DHS has filed a lengthy "status report" that does little more than to enumerate the details of its failure to comply with the schedule set by the court's previous order. *See* Status Report (dkt. 114). The court is running out of patience, and DHS's continued failure to abide by the provisions set forth below will most certainly result in sanctions.

In light of Plaintiffs' objections to DHS's continued delays, the court now orders as follows:

(1)　DHS is **ORDERED** to *immediately* complete all actions necessary to generate reasonably specific, reliable estimates of the pages of records potentially responsive to parts 2, 3, and 5—including identifying the number of pages associated with particular components, de-duplication, page imaging, and/or accounting for the extent to which Excel files, embedded objects and

images, or other artifacts of the record search have artificially inflated the number of potentially responsive records.

(2)     DHS is **FURTHER ORDERED** to communicate to Plaintiffs, within 14 days of the date of this Order, estimates of the volume of potentially responsive records attributable to specific document types, components, date ranges, and any other reasonably ascertainable categories of information that could aid the Parties in identifying ways to further adjust search parameters in order to reduce the volume of responsive records to a manageable amount.

(3)     If DHS fails to meet its 14-day deadline, Plaintiffs are directed to promptly inform the court such that a sanctions hearing may be quickly set. If DHS does meet its 14-day deadline, the Parties are ORDERED to submit a status report setting forth their respective positions as to the appropriate processing rate and schedule no later than 28 days of the date of this order.

**IT IS SO ORDERED.**

Dated: April 26, 2021

ROBERT M. ILLMAN
United States Magistrate Judge