# Exhibit A

| Record Description | Bates Number | Disposition | Description of Applicable Exemptions |
|---|---|---|---|
| **Production 1** | | | |
| Information Issue Paper (Oct. 6, 2016) | USCBP000001-04 | Released with redactions | Reprocessed with fewer redactions: 000003<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency memorandum that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Descriptions of analyses being conducted by CBP personnel to evaluate the feasibility and effectiveness of using social media information in CBP's law enforcement and border security mission in order to inform future policy decisions by CBP decision makers.<br>• Descriptions of the content and status of a draft, pre-decisional report on the use of social media in CBP operations being prepared to inform future policy decisions by CBP decision makers.<br>• Descriptions of the subject of ongoing policy deliberations and recommendations for future activities relating to the operational use of social media.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that |

| | | | |
|---|---|---|---|
| | | | would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Descriptions of the law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of vulnerabilities and limitations in CBP's operational use of social media. |
| CBP Use of Social Media Paper (May 25, 2016) | USCBP000005-07 | Released with redactions | (b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, |

| | | | |
|---|---|---|---|
| | | | would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<ul><li>Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.</li><li>Descriptions of the scope and investigatory focus of CBP's operational use of social media</li><li>Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information.</li><li>Information that could reveal details about a specific law enforcement investigation, including information that could identify the subject of a law enforcement investigation and the specific techniques used to uncover potentially illicit activity in an ongoing investigation.</li><li>Descriptions of vulnerabilities and limitations in CBP's operational use of social media.</li></ul> |
| CBP Use of Social Media Paper (Sept. 26, 2016) | USCBP000008-12 | Released with redactions | (b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency memorandum that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes: |

|  |  |  | • Descriptions of analyses being conducted by CBP personnel to evaluate the feasibility and effectiveness of using social media information in CBP's law enforcement and border security mission in order to inform future policy decisions by CBP decision makers.<br>• Descriptions of recommended future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does |
| --- | --- | --- | --- |

| | | | or does not utilize when using publicly available social media information. |
|---|---|---|---|
| Social Media Briefing Paper | USCBP000013-15 | Released with redactions | Reprocessed with fewer redactions: 00014<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency memorandum that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Description of recommended future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations.<br>• Information prepared by CBP personnel to inform CBP decision makers of the status and scope of internal CBP deliberations regarding a proposal to modify  certain forms and applications used to obtain immigration and travel benefits.<br>• Descriptions of the status and scope of inter-agency consultations and deliberations regarding proposed modifications to certain forms and applications used to obtain immigration and travel benefits.<br>• Description of the status and contents of a predecisional draft report regarding privacy requirements and the non-final |

<table>
<tr><td></td><td></td><td></td><td>recommendations and assessments of the report's authors.
<ul><li>Recommended responses to hypothetical questions contained in briefing materials developed by CBP staff to suggest responses for agency decision makers if asked in future inquiries about CBP's operational use of social media.</li></ul>

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:
<ul><li>Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information in law enforcement operations.</li><li>Information regarding vulnerabilities and limitations in CBP's operational use of social media.</li><li>Descriptions of the scope and investigatory focus of CBP's operational use of social media.</li></ul></td></tr>
<tr><td>Information Issue Paper (June 2, 2016)</td><td>USCBP000016-17</td><td>Released with redactions</td><td>Reprocessed with fewer redactions: 000017</td></tr>
</table>

6

(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency memorandum that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:

- Description of proposed future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations.
- Description of the scope and subject matter of assessment being conducted by CBP to inform agency deliberations and develop recommendations for CBP policy makers regarding the future use of social media in CBP's border security mission.
- Description of the status and contents of a draft report regarding proposed areas of investigative focus and future developments, prepared to inform agency deliberations and make recommendations to CBP decision makers regarding the operational use of social media within CBP.

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for

| | | | law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue<br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information in law enforcement operations. |
|---|---|---|---|
| Information Issue Paper (Aug. 30, 2016) | USCBP000018-19 | Released with redactions | Reprocessed with fewer redactions: 000019<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency memorandum that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Description of recommended future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations. |

|  |  |  | • Description of recommended future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations.<br>• Descriptions of the content and status of a draft, pre-decisional report on the use of social media in CBP operations being prepared to inform future policy decisions by CBP decision makers.<br>• Description of the scope and subject matter of assessment being conducted by CBP to inform agency deliberations and develop recommendations for CBP policy makers regarding the future use of social media in CBP's border security mission.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for |
|---|---|---|---|

| | | | law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue<br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information in law enforcement operations. |
|---|---|---|---|
| Information Issue Paper (Apr. 20, 2017) | USCBP000020-22 | Released with redactions | Reprocessed with fewer redactions:  0000020, 000022<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency memorandum that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Description of recommended future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations.<br>• Description of recommended future uses and techniques for social media information being |

| | | | evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations. |
| | | | • Descriptions of the content and status of a draft, pre-decisional report on the use of social media in CBP operations being prepared to inform future policy decisions by CBP decision makers. |
| | | | • Description of the scope and subject matter of assessment being conducted by CBP to inform agency deliberations and develop recommendations for CBP policy makers regarding the future use of social media in CBP's border security mission |
| | | | (b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names of non-SES DHS employees. |
| | | | (b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement |

| | | | techniques and information.  Redacted information includes: <br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media. <br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information. <br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue <br>• Descriptions of vulnerabilities and limitations in CBP's operational use of social media. |
|---|---|---|---|
| Privacy Threshold Analysis: Electronic Visa Update System (EVUS) | USCBP000023-39 | Released with redactions | Reprocessed with fewer redactions: 000024, 000025, 000033, 00037;  Header Information (Phone Numbers and Email Addresses for DHS Privacy Office) <br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes: <br>• Description of privacy risk mitigation strategies and assessments being proposed by CBP to DHS Privacy in connection with potential changes to the use of social media in CBP's law enforcement and border security mission. |

<table>
<tr><td></td><td></td><td></td><td>

- Descriptions of the status and scope of inter-agency consultations and deliberations regarding proposed record retention plan.
- Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.

(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:

- Information regarding the factors considered and criteria utilized when determining whether to use social media information in conducting CBP's law enforcement and border security

</td></tr>
</table>

| | | | |
|---|---|---|---|
| | | | mission, including the vetting of international travelers or applicants for immigration benefits. <br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media. <br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information. <br>• Descriptions of the law enforcement processes utilized and information consulted when vetting international travelers or applicants for immigration benefits. |
| DHS Operational Use of Social Media, Office of Internal Affairs: Use of Social Media for Criminal Investigations | USCBP000040-47 | Released with redactions | Reprocessed with fewer redactions: 000041, 000043, 000047 <br><br> (b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes a description of the content and status of a draft, pre-decisional report on the use of social media in CBP operations prepared to inform future policy decisions by CBP leadership regarding the use of social media by CBP. <br><br> (b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly |

| | | | |
|---|---|---|---|
| | | | unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Information relating to unique types of evidence obtained using the law enforcement techniques at issue. |
| Privacy Threshold Analysis: Pilot Evaluation | USCBP000048-57 | Released with redactions | Reprocessed with fewer redactions: 000050, 000052, 000053, 00056; Header Information (Phone Numbers and Email Addresses for DHS Privacy Office)<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes: |

| | | | |
|---|---|---|---|
| | | | • Description of the scope and subject matter of assessment being conducted by CBP to inform agency deliberations and develop recommendations for CBP policy makers regarding the future use of social media in CBP's border security mission.<br>• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.<br>• Description of the content and status of a draft, pre-decisional assessment on the use of social media in CBP operations.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement |

| | | | |
|---|---|---|---|
| | | | techniques and information.  Redacted information includes:<br>• Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue<br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Information relating to unique types of evidence obtained using the law enforcement techniques at issue. |
| **Production 2** | | | |
| Talking Points: October 2016 Electronic System for Travel Authorization Enhancements | USCBP000058-60 | Released with without redactions | N/A |
| Privacy Threshold Analysis: IntelCenter Social Media Database Ingestion into ATS | USCBP000061-70 | Released with redactions | Reprocessed with fewer redactions: 000062, 000068; Header Information (Phone Numbers and Email Addresses for DHS Privacy Office)<br><br>(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily |

make available to the public.  Redactions applied to this information include:

- Sensitive information about software and database, including capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software.
- Information that the database contains

(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:

- Descriptions of recommended future uses and techniques for social media information being evaluated and considered by CBP personnel pending a decision on the feasibility and effectiveness of incorporating such uses and techniques into CBP operations.
- Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.
- Explanations of internal deliberations within DHS, including recommendations from DHS Privacy to CBP.

(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record,

| | | | which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees. |
|---|---|---|---|

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information. Redacted information includes:

- Names and descriptions of specialized law enforcement units, operational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue
- Descriptions of specific types of information CBP intends to access, and how it intends to utilize such information in conducting particular law enforcement functions.
- Detailed descriptions of how CBP intends to record, report, and store law enforcement information gathered
- Descriptions of the scope and investigatory focus of CBP's operational use of social media

| Privacy Threshold Analysis: Office of Intelligence and the Office of Professional Responsibility | USCBP000071-80 | Released with redactions | Reprocessed with fewer redactions: 00072, 00078; Header Information (Phone Numbers and Email Addresses for DHS Privacy Office)<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>&bull; Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.<br>&bull; Explanations of internal deliberations within DHS, including recommendations from DHS Privacy to CBP.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and |

| | | | procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media<br>• Information that could reveal details about a specific law enforcement investigation, including information that could identify the subject of such investigation and the specific techniques used to uncover potentially illicit activity in an ongoing investigation.<br>• Information regarding the factors considered and criteria utilized when information is reported to the Joint Intake Center<br>• Descriptions of criteria for utilizing particular law enforcement techniques, which could reveal the degree to which such techniques are available. |
| Privacy Threshold Analysis: Youtube Access for CBP | USCBP000081-87 | Released with redactions | Reprocessed with fewer redactions: 00082, 00086; Header Information (Phone Numbers and Email Addresses for DHS Privacy Office) |

| | | | |
|---|---|---|---|
| | | | (b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.<br>• Explanations of internal deliberations within DHS, including recommendations from DHS Privacy.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees. |
| DHS Operational Use of Social Media: Office of Trade: Forced Labor Division | USCBP000088-96 | Released with redactions | Reprocessed without redactions: Header Information (Phone Numbers and Email Addresses for DHS Privacy Office)<br><br>(b)(5) - Exemption (b)(5) has been applied to attorney/client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal |

| | | | matter for which the client has sought professional advice.  The exemption was applied to information describing consultations with CBP Office of Chief Counsel.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media. |
| DHS Operational Use of Social Media: Office of Professional Responsibility: Use of Social | USCBP000097-105 | Released with redactions | Reprocessed with fewer redactions: 00098; Header Information (Phone Numbers and Email Addresses for DHS Privacy Office) |

| Media for Administrative Investigations | | | (b)(5) - Exemption (b)(5) has been applied attorney-client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing consultations with CBP Office of Chief Counsel. |
| --- | --- | --- | --- |

(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees.

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:
- Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.

| | | | |
|---|---|---|---|
| | | | • Detailed descriptions of how CBP intends to record, report, and store law enforcement information gathered |
| DHS Operational Use of Social Media: Office of Professional Responsibility: Use of Social Media for Criminal Investigations | USCBP000106-15 | Released with Redactions | Reprocessed with fewer redactions: 000107;  Header Information (Phone Numbers and Email Addresses for DHS Privacy Office)<br><br>(b)(5) - Exemption (b)(5) has been attorney/client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing consultations with CBP Office of Chief Counsel.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement |

| | | | techniques and information.  Redacted information includes: <ul><li>Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.</li><li>Detailed descriptions of how CBP intends to record, report, and store law enforcement information gathered</li><li></li></ul> |
|---|---|---|---|
| DHS Operational Use of Social Media: Office of Professional Responsibility: Use of Social Media for Background Investigations and Periodic Reinvestigations | USCBP000116-24 | Released with redactions | Reprocessed with fewer redactions: 000117, 000121, 000122, 000124; Header Information (Phone Numbers and Email Addresses for DHS Privacy Office)<br><br>Exemption (b)(5) has been applied to attorney-client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing the subject matter of consultations with the CBP Office of Chief Counsel for the purpose of providing legal advice.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees. |

| | | | |
|---|---|---|---|
| | | | (b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes: <br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information. <br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media. <br>• Detailed descriptions of how CBP intends to record, report, and store law enforcement information gathered <br>• |
| **Production 3** | | | |
| CBP Directive, January 2, 2015 | USCBP000125-36 | Released with redactions | Reprocessed with fewer redactions: 000136 <br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement |

| | | | techniques and information.  Redacted information includes:<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information. Descriptions of criteria for utilizing particular law enforcement techniques, which could reveal the degree to which certain such techniques are available. |
|---|---|---|---|
| Interim Standard Operating Procedure | USCBP000137-41 | Released with redactions | (b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names of non-SES DHS employees and signatures of DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes: |

| | | | |
|---|---|---|---|
| | | | • Information that would enable access to and/or manipulation of law enforcement processes, databases, and/or information, including email addresses and methods used internally by CBP personnel in the approval process for engaging in the operational use of social media.<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes. |
| Internal Memorandum, February 15, 2018 | USBP000142-46 | Released with redactions | Reprocessed with fewer redactions: 000142<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information. |

| | | | |
|---|---|---|---|
| | | | • Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Descriptions of criteria for utilizing particular law enforcement techniques, which could reveal the degree to which such techniques are available. Information that would enable access to and/or manipulation of law enforcement processes, databases, and/or information, including email addresses, network addresses, URLs and methods used internally by CBP personnel in the approval process for engaging in the operational use of social media. |
| Email re DHS/CBP Privacy Assessment, March 27, 2019 | USCBP000147-48 | Released with redactions | Reprocessed with fewer redactions: 000147,, 000148<br><br>(b)(6) - Exemptions (b)(6) has been applied to information contained in the record that identifies a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of individuals appearing in records relating to the operational use of social media.<br><br>(b)(7)(C) – Exemption (b)(7)(C) has been applied to information contained in the record which was compiled for law enforcement purposes, that identifies a particular individual, and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees appearing in records compiled for law enforcement purposes relating to the operational use of social media. |

| Privacy Threshold Analysis: Office of Intelligence and the Office of Professional Responsibility, July 2, 2018 | USCBP000149-60 | Released with redactions | Reprocessed with fewer redactions: 000150, 000158<br><br>(b)(5) - Exemption (b)(5) has been applied to portions of this intra-agency document that would be normally privileged in the civil discovery context.  Specifically, exemption (b)(5) has been applied to the following:<br><ul><li>Attorney-client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing the subject matter and content of communications between the CBP Office of Chief Counsel and CBP personnel conducted for the purpose of providing legal advice.</li><li>Deliberative process privileged information. The deliberative process privilege applies to information that is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes. Redacted information includes descriptions of the status and scope of predecisonal deliberations regarding the development of training for conducting social media activities, and recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval. Opinions and recommendations from DHS Privacy to CBP</li></ul> |

|  |  |  |  | regarding future steps to evaluate and achieve compliance with privacy laws and policy.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br><ul><li>Descriptions of the specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.</li><li>Descriptions of the scope and investigatory focus of CBP's operational use of social media.</li><li>Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which</li></ul> |
|---|---|---|---|---|

| | | | would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Descriptions of specific types of information CBP intends to access, and how it intends to utilize such information in conducting particular law enforcement functions. |
|---|---|---|---|
| DHS Operational Use of Social Media: Office of Intelligence and Investigative Liaison | USCBP000161-69 | Released with redactions | Reprocessed with fewer redaction: 000163<br><br>(b)(5) – Exemption (b)(5) has been applied to attorney-client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing consultations with CBP Office of Chief Counsel.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for |

| | | | law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Descriptions of specific types of information CBP intends to access, and how it intends to utilize such information in conducting particular law enforcement functions. |
|---|---|---|---|
| DHS Operational Use of Social Media: Office of Intelligence and Investigative Liaison | USCBP000170-77 | Released with redactions | Reprocessed with fewer redactions: 000171<br>(b)(5) - Exemption (b)(5) has been applied to portions of this intra-agency document that would be normally privileged in the civil discovery context.  Specifically, exemption (b)(5) has been applied to the attorney-client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing the subject matter and content of communications between |

the CBP Office of Chief Counsel and CBP personnel conducted for the purpose of providing legal advice.

(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names and phone numbers of non-SES DHS employees.

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:

- Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.
- Descriptions of the scope and investigatory focus of CBP's operational use of social media.
- Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which

| | | | would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes. |
|---|---|---|---|
| DHS Operational Use of Social Media: U.S. Border Patrol, November 27, 2017 | USCBP000178-91 | Released with redactions | Reprocessed with fewer redactions: 000179, 000190; Header Information (Email Phone Numbers and Email Addresses of DHS Privacy Office)<br><br>(b)(5) - Exemption (b)(5) has been applied to attorney/client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to information describing  the subject matter and content of communications between the CBP Office of Chief Counsel and CBP personnel conducted for the purpose of providing legal advice.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees. |

| | | | |
|---|---|---|---|
| | | | (b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes: <br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information. <br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media. ] <br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue. <br>• Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes. |
| CBP Operational Use of Social Media, Rules of Behavior | USCBP000192-96 | Released with redactions | Reprocessed with fewer redactions: 000196; Header Information (Phone Numbers and Email Addresses of DHS Privacy Office) <br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement |

| | | | |
|---|---|---|---|
| | | | purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Information regarding the investigatory focus of certain law enforcement activities regarding unauthorized access to government information and suspected techniques, tactics, and/or procedures of illicit actors that may access classified or otherwise protected information.<br>• Information that would enable access to internal processes used by CBP to manage and secure information technology systems used in support of CBP's law enforcement functions. |
| **Production 4** | | | |
| Contract Number HSHQDC-12-D-00013, Order Number 70B04C18F00001093 | USCBP000197-212 | Released with redactions | Reprocessed with fewer redactions: 000198, 000199, 000206, 000207<br><br>(b)(3)(A) – Exemption (b)(3)(A) has been applied to records or information that are exempted from disclosure by statute. Redactions applied to this information include tax information withheld pursuant to 26 U.S.C. § 6103, which prohibits the disclosure of tax returns or return information. |

| | | | |
|---|---|---|---|
| | | | (b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include unit prices and ext. prices, where the disclosure of such information would reveal nonpublic commercial information furnished by the contractor or may be used to reverse engineer the contractor's proprietary technical approach under a government contract.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, signatures, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes: |

| | | | |
|---|---|---|---|
| | | | • Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Information, such as the quantity and period of performance, that would reveal the degree to which certain law enforcement tools or techniques are available to CBP law enforcement personnel. |
| Award<br>Contract Number<br>HSHQDC13D00027, Order<br>Number 70B04C18F00001257 | USCBP000213-34 | Released with redactions | Reprocessed with fewer redactions: 000215, 000216, 000234<br><br>(b)(3)(A) – Exemption (b)(3)(A) has been applied to records or information that are exempted from disclosure by statute. Redactions applied to this information include tax information withheld pursuant to 26 U.S.C. § 6103, which prohibits the disclosure of tax returns or return information.<br><br>(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include unit prices and ext. prices, where the disclosure of such information would reveal nonpublic commercial information furnished by the |

contractor or may be used to reverse engineer the contractor's proprietary technical approach under a government contract.

(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, signatures, phone numbers, and email addresses of non-SES DHS employees.

(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:
- Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.
- Descriptions of specific law enforcement techniques that CBP intends to utilize when using publicly available social media

| | | | |
|---|---|---|---|
| | | | information in the scope of its law enforcement activities.<br>• Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.<br>• Information, such as the quantity and period of performance, that would reveal the degree to which certain law enforcement tools or techniques are available to CBP law enforcement personnel. |
| Delivery Order 70B04C18F00000377 | USCBP000235-41 | Released with redactions | Reprocessed with fewer redactions: 000235 (b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include unit prices and ext. prices, where the disclosure of such information would reveal nonpublic commercial information furnished by the contractor or may be used to reverse engineer the contractor's proprietary technical approach under a government contract.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including |

| | | | names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.<br>• Information, such as the delivery date, that would reveal the degree to which certain law enforcement tools or techniques are available to CBP law enforcement personnel. |
|---|---|---|---|
| Contract Number HSHQDC-13-D-00026, Order Number HSBP1017J000831 | USCBP000242-49 | Released with redactions | Reprocessed with fewer redactions: 000243<br><br>(b)(3)(A) – Exemption (b)(3)(A) has been applied to records or information that are exempted from disclosure by statute. Redactions applied to this |

| | | | information include tax information withheld pursuant to 26 U.S.C. § 6103, which prohibits the disclosure of tax returns or return information.<br><br>(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include unit prices and ext. prices, where the disclosure of such information would reveal nonpublic commercial information furnished by the contractor or may be used to reverse engineer the contractor's proprietary technical approach under a government contract.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, signatures, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br><br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.<br>• Information, such as the quantity, delivery date, and period of performance, that would reveal the degree to which certain law enforcement tools or techniques are available to CBP law enforcement personnel. |
| **Production 5** | | | |
| Contract Spreadsheet | USCBP000250 | Released with redactions | Reprocessed with fewer redactions: 000250<br><br>(b)(7)(E) - Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br><br>•<br><br>• Description of specific technical tools with unique capabilities utilized by CBP to review |

| | | | |
|---|---|---|---|
| | | | and analyze social media information for law enforcement purposes.<br>• Information that would reveal the identity of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Information, such as the quantity and period of performance, that would reveal the degree to which certain law enforcement tools or techniques are available to CBP law enforcement personnel. |
| Order Number HSBP1014P00537 | USCBP000251-71 | Released with redactions | Reprocessed with fewer redactions: 000251, 000252, 000253, 000262, 000268<br>(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include:<br>• Unit prices and ext. prices, where the disclosure of such information would reveal nonpublic commercial information furnished by the contractor or may be used to reverse engineer the contractor's proprietary technical approach under a government contract.<br><br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes |

relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, signatures, phone numbers, and email addresses of non-SES DHS employees.

(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:

- Information, such as the delivery date, that would reveal the degree to which certain law enforcement tools or techniques are available to CBP law enforcement personnel.
- Descriptions of specific law enforcement techniques that CBP intends to utilize when using publicly available social media information.
- Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.
- Descriptions of the scope and investigatory focus of CBP's operational use of social media.
- Names and descriptions of specialized law enforcement units, organizational subunits, and

| | | | third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue. |
|---|---|---|---|
| Statement of Work | USCBP000272-84 | Released with redactions | Reprocessed with fewer redactions: 000273<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.<br>• Information, such as the quantity, that would reveal the degree to which certain law |

| | | | enforcement tools or techniques are available to CBP law enforcement personnel. <br> • Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue. |
|---|---|---|---|
| Privacy Threshold Analysis: Office of Information Technology/Cyber Security Directorate, October 10, 2018 | USCBP000285-95 | Released with redactions | Reprocessed with fewer redactions: 000286, 000293 <br><br> (b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include sensitive information about software, including the type, capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software. <br><br> (b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes internal deliberations within DHS consisting of the CBP Privacy Office's recommendations to the DHS Privacy Office as to the steps necessary to ensure compliance with DHS privacy policies and applicable legal obligations, prior to a final decision of whether to approve a proposed use of social media. |

<table>
<tr>
<td></td>
<td></td>
<td></td>
<td>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.

(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:
<ul>
<li>Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.</li>
<li>Descriptions of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.</li>
</ul>
</td>
</tr>
<tr>
<td>Privacy Threshold Analysis: Office of Field Operations, July 8, 2016</td>
<td>USCBP000296-306</td>
<td>Released with redactions</td>
<td>Reprocessed with fewer redactions: 000297</td>
</tr>
</table>

| | | | |
|---|---|---|---|
| | | | (b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include sensitive information about software, including the type, capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software.<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.<br>• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, including descriptions of content and status of draft, pre-decisional documents.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that |

would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.

(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information. Redacted information includes:

- Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.
- Descriptions of the scope and investigatory focus of CBP's operational use of social media.
- Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.
- Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.

| Privacy Threshold Analysis: Office of Field Operations, August 19, 2016 | USCBP000307-15 | Released with redactions | Reprocessed with fewer redactions: 000308, 000314<br><br>(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include: sensitive information about software, including the type, capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software.<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br><ul><li>Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.</li><li>Explanations of internal deliberations within DHS, including recommendations from DHS Privacy to CBP.</li></ul><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular |
| --- | --- | --- | --- |

individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.

(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:

- Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.
- Descriptions of the scope and investigatory focus of CBP's operational use of social media.
- Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.
- Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes.

| Privacy Threshold Analysis: Office of Field Operations, November 21, 2016 | USCBP000316-26 | Released with redactions | Reprocessed with fewer redactions:  000317, 000325

(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include sensitive information about software, including the type, capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software.

(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:
• Descriptions of analyses being conducted by CBP personnel to evaluate the feasibility and effectiveness of a certain method of using social media information in CBP's law enforcement and border security mission in order to inform future policy decisions by CBP decision makers.
• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.
• Explanations of internal deliberations within DHS, including recommendations from DHS Privacy to CBP. |
|---|---|---|---|

| | | | (b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue. |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | • Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes |
| Privacy Threshold Analysis: Homeland Security Advanced Research Project Agency, November 21, 2016 | USCBP000327-36 | Released with redactions | Reprocessed with fewer redactions: 000328, 000335 (b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include sensitive information about software and database, including the type, capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software.<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.<br>• Explanations of internal deliberations within DHS, including recommendations from DHS Privacy to CBP. |

| | | | (b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br><ul><li>Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.</li><li>Descriptions of the scope and investigatory focus of CBP's operational use of social media.</li><li>Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes</li></ul> |
| --- | --- | --- | --- |

| Privacy Threshold Analysis: Office of Field Operations, May 9, 2017 | USCBP000337-48 | Released with redactions | Reprocessed with fewer redactions: 000338, 000347<br><br>(b)(4) - Exemption (b)(4) has been applied to commercial information obtained from a CBP contractor that is privileged or confidential, which the originator of the information would not customarily make available to the public.  Redactions applied to this information include sensitive information about software and database, including the type, capabilities and limitations of the software, the business practices of the contractor, and descriptions of how CBP is able to use the software.<br><br>(b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<br>• Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.<br>• Explanations of internal deliberations within DHS, including recommendations from DHS Privacy to CBP.<br><br>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that |
|---|---|---|---|

|  |  |  | would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees.<br><br>(b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes |
|---|---|---|---|

| Privacy Threshold Analysis: Office of Field Operations, January 5, 2018 | USCBP000349-58 | Released with redactions | Reprocessed with fewer redactions: 000350, 000356 |
|---|---|---|---|
| | | | (b)(5) – Exemption (b)(5) has been applied to portions of this intra-agency document that are subject to the deliberative process privilege because the information is predecisional and deliberative and withholding the information is necessary to protect the agency's decision-making processes.  Information redacted under exemption (b)(5) includes:<ul><li>Descriptions of existing or proposed processes for CBP personnel to utilize a certain method of using social media information in CBP's law enforcement and border security mission in order to inform future policy decisions by CBP decision makers.</li><li>Recommendations from the CBP Privacy Office to the DHS Privacy Office prior to the final decision of whether to approve a proposed CBP activity relating to social media, and descriptions of the proposed activity that is pending approval.</li></ul>(b)(6)/(b)(7)(C) - Exemptions (b)(6)/(b)(7)(C) have been applied to information contained in the record, which was compiled for law enforcement purposes relating to the operational use of social media, that would disclose the personal information of a particular individual and disclosure would constitute a clearly unwarranted invasion of personal privacy, including names, phone numbers, and email addresses of non-SES DHS employees. |

| | | | |
|---|---|---|---|
| | | | (b)(7)(E) – Exemption (b)(7)(E) has been applied to information in records compiled for law enforcement purposes, explaining law enforcement techniques and procedures, including information that, either standing alone or combined with other available information, would disclose techniques, procedures, or guidelines for law enforcement investigations and risk circumvention of the law by revealing non-public law enforcement techniques and information.  Redacted information includes:<br>• Descriptions of specific law enforcement techniques and the types of analysis that CBP does or does not utilize when using publicly available social media information.<br>• Descriptions of the scope and investigatory focus of CBP's operational use of social media.<br>• Descriptions of criteria for utilizing particular law enforcement techniques, which could reveal the degree to which such techniques are available.<br>• Names and descriptions of specialized law enforcement units, organizational subunits, and third party agencies, the disclosure of which would reveal the investigatory focus of the law enforcement techniques or procedures at issue.<br>• Description of specific technical tools with unique capabilities utilized by CBP to review and analyze social media information for law enforcement purposes. |
| **Withheld in Full** | | | |
| Email from Office of Chief Counsel | N/A (4 pages) | Withheld in Full | This email was withheld in full under exemption (b)(5). |

| | | | Exemption (b)(5) has been applied to attorney/client privileged information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.  The exemption was applied to attorney-client communications. |
| --- | --- | --- | --- |