BRIAN M. BOYNTON
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch
VINITA B. ANDRAPALLIYAL
Trial Attorney
Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
T: 202-305-0845
E: Vinita.b.andrapalliyal@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al., | Case No. 3: 19-cv-00290-EMC |
| Plaintiffs, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR PUBLIC RELEASE OF EX PARTE HEARING TRANSCRIPT** |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION
FOR PUBLIC RELEASE OF EX PARTE HEARING TRANSCRIPT**

**INTRODUCTION**

Defendant Department of Homeland Security ("DHS" or "Defendant") opposes Plaintiff's request to publicly release the transcript of the *ex parte*, *in camera* hearing this Court conducted on September 17, 2021. *See* Clerk's Notices, ECF Nos. 139, 141. This Court called the hearing to discuss the unredacted documents Defendant submitted for *in camera* review at this Court's request, *see* Minute Entry, ECF No. 137, and ordered that the transcript of the hearing "will be filed under seal such that only the Government's counsel and the Court will have access to it," Clerk's Notice, ECF No. 139. Release of this transcript, redacted or otherwise, is not compelled under public right-to-access doctrines. Rather, the Freedom of Information Act, 5 U.S.C. § 552 *et seq*, specifically provides for *in camera* review of the agency records, and discussion of the contents of the *in camera* submission should similarly be protected. Because Plaintiff fails to establish either the historical basis for release of *ex parte* FOIA proceedings or the logic of releasing such a transcript, its motion should be denied. Alternatively, any consideration of a redacted transcript would require additional time for the agency to conduct an appropriate review.

**ARGUMENT**

Whether to release or unseal judicial records depends on whether there is a public right of access to those records. As a general matter, courts have recognized two qualified rights of access to judicial records: (1) a common-law right of access and (2) a First Amendment right of access. *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008). Neither right is absolute. The First Amendment analysis turns on "(1) whether historical experience counsels in favor of public access and (2) whether public access would play a 'significant positive role in the functioning of the particular process in question.'" *Cal-Almond, Inc. v. U.S. Dep't of Agric.*, 960 F.2d 105, 109 (9th Cir. 1992) (quoting *Press–Enterprise II,* 478 U.S. 1, 8 (1986)). Similarly, the common-law right of access "doesn't apply to "documents which have traditionally been kept

1

*ACLU v. DOJ*, No. 3: 19-cv-00290-EMC
Def.'s Opp'n to Pl.'s Admin. Mot. to Publicly Release *Ex Parte* Hearing Transcript

1

2
secret for important policy reasons." *Id.* (cleaned up) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

3

4
Under the First Amendment, the Supreme Court has only ever recognized a right of public access in the context of criminal judicial proceedings. *See Courthouse News Serv. v.*

5
*Planet*, 750 F.3d 776, 786 (9th Cir. 2014); *Ctr. for Nat. Sec. Stud. v. U.S. Dep't of Just.*, 331 F.3d

6
918, 935 (D.C. Cir. 2003). According to the Ninth Circuit, "the federal courts of appeals have

7
widely agreed that it extends to civil proceedings and associated records and documents."

8
*Courthouse News Serv.*, 750 F.3d at 786; *but see Ctr. for Nat'l Sec. Studies*, 331 F.3d at 935

9
(expressing doubts about whether the First Amendment right of access applies outside of the

10
criminal context); *see also SEC v. Am. Int'l Grp.*, 712 F.3d 1, 5 (D.C. Cir. 2013).

11
**First Amendment.** Neither of these qualified rights require disclosure here. To begin, the

12
"experience and logic" analysis under the First Amendment reveals that no constitutional right of

13
access attaches to the contents of an *ex parte*, *in camera* hearing conducted to examine the

14
contents of agency records withheld under a FOIA exemption. First, no "historical experience

15
counsels in favor of public access." *Press–Enterprise II,* 478 U.S. at 8. The FOIA is a long

16
standing statute, having originally been enacted in 1966, 80 Stat. 378, Pub.L. 89–554, with no

17
history of access to statutorily exempt information; *see In re New York Times Co. to Unseal*

18
*Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 (2d Cir. 2009) (concluding that

19
"wiretap applications have not historically been open to the press and general public" because

20
they have been "subject to a statutory presumption against disclosure" since the creation of

21
wiretap applications in 1968). And there is no body of case law concluding that *ex parte* or *in*

22
*camera* FOIA proceedings be made public, for good reason: disclosing what is exempt under the

23
statute would undermine the entire purpose of the statute's protections. On the other hand, the

24
FOIA specifically allows for courts to "examine the contents of such agency records in camera to

25
determine whether such records or any part thereof shall be withheld" under any FOIA

26
exemption. 5 U.S.C. § 552(a)(4)(B). In the absence of any law bearing up Plaintiff's assertion, it

27
fails the "experience" portion of this test. *See Am. C.L. Union v. Holder*, 652 F. Supp. 2d 654,

28

2

*ACLU v. DOJ*, No. 3: 19-cv-00290-EMC
Def.'s Opp'n to Pl.'s Admin. Mot. to Publicly Release *Ex Parte* Hearing Transcript

662–63 (E.D. Va. 2009), *aff'd,* 673 F.3d 245 (4th Cir. 2011) (concluding that no historical experience counseled in favor of releasing sealed *qui tam* complaints because "for the twenty-three years this procedure has been in operation so far, no court has found a First Amendment right of access" to such complaints).

Moreover, the "logic" portion of the "experience and logic" test yields the same result. The *in camera* review process allows this Court to view the unredacted material to determine whether the FOIA withholdings are proper, and "[i]t would be highly illogical to give the public a right to read the transcripts" of the *ex parte* hearing conducted for further clarification from Defendant because the unredacted material—which is entitled to protection unless this Court concludes that the asserted exemptions were unlawfully asserted—was the very subject of the hearing. *In re Copley Press*, 518 F.3d at 1027–28. The transcript "inevitably contain[s]" the information that Defendant asserts is protected from disclosure. *Id*. Further, Defendant has already provided extensive access to the basis for its withholdings in lengthy briefing on cross-motions for partial summary judgment, three *Vaughn* indexes, six declarations, and argument in a previous public motion hearing. Against this backdrop, it strains logic to require the review the *ex parte* hearing transcript against the withholdings in the production, the inevitable redaction of vast swaths of the transcript discussing the withholdings, and the ultimate release of any references to Defendant's previously disclosed reasoning for protecting the withheld information.

***Common law.*** Meanwhile, the "important policy reasons" for allowing this Court to conduct *in camera* review and to seek *ex parte* clarification from the government based on that *in camera review* precludes a common-law right of access. *In re Copley Press*, 518 F.3d at 1029. As with the First Amendment analysis, the Ninth Circuit has historically not "recognized a common law right of access to judicial records when there is neither a history of access nor an important public need justifying access." *Times Mirror*, 873 F.2d at 1219. Again, Plaintiff can point to no history of access to *in camera* or *ex parte* FOIA proceedings, even if redacted. Nor do policy concerns weigh in favor of disclosure. As the D.C. Circuit recently noted in examinng the

3

common-law right of access in the context of a redacted agency declaration in a FOIA proceeding, "the fact that" the agency declaration at issue was "of the type that can be so vital to the proper resolution of FOIA litigation—in which the government necessarily had to disclose information to the court for the very purpose of keeping it secret—cuts against disclosure." *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 121 (D.C. Cir. 2021).

While Plaintiff asks for a transcript redacted to remove protected information, Defendant cannot assess whether redaction is possible here without reviewing the transcript. If the Court were inclined to order a redacted transcript, Defendant requests at least 14 days to review the transcript and recommend redactions. That time is needed for each agency component to cross-reference the transcript with the withholdings in the production and to flag parts of the discussion that would reveal the contents of its withholdings or disclose other protected information.[12]

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's administrative motion.


Dated: September 21, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
U.S. Department of Justice, Civil Division

---

[1] Any redactions in the transcript should not be made "pursuant to FOIA," as Plaintiff suggests, Pl.'s Admin. Mot. at 2, because the transcript is not a record subject to FOIA production. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 672 (D.C. Cir. 2017) ("FOIA applies solely to information in the hands of executive agencies and expressly excludes federal courts from its domain."); *see also* 5 U.S.C. § 551(1)(B). Rather, any redactions would be made without citing to particular FOIA exemptions.

[2] Finally, Plaintiff's alternative suggestion for counsel for Defendant to provide a written summary of the hearing must be rejected out of hand as burdensome and unwarranted.

4

*ACLU v. DOJ*, No. 3: 19-cv-00290-EMC
Def.'s Opp'n to Pl.'s Admin. Mot. to Publicly Release *Ex Parte* Hearing Transcript

1100 L Street, NW
Washington, DC 20005
Phone: 202-305-0845
Email: Vinita.b.andrapalliyal@usdoj.gov

*Attorneys for Defendants*

5

*ACLU v. DOJ*, No. 3: 19-cv-00290-EMC
Def.'s Opp'n to Pl.'s Admin. Mot. to Publicly Release *Ex Parte* Hearing Transcript