UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 19-CV-00290-EMC <br><br> **JOINT STATUS REPORT** |

In accordance with the Court's order on March 14, 2022 (ECF 160), the parties submit this joint status report and update the Court on the status of the agencies' productions in this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

I. Status of FBI, OIP, USCIS, State, DHS Privacy, and I&A

1. The Federal Bureau of Investigation has completed its processing and production.

2. The Department of Justice's Office of Information Policy (OIP) has completed its processing and production. However, certain inter-agency referrals remain outstanding. OIP has followed up with the outstanding referrals with the aim of completing all processing and production as

soon as possible.

3. The Department of Homeland Security's (DHS) U.S. Citizenship and Immigration Services (USCIS) has completed all processing and production save for outstanding inter- and intra-agency referrals to USCIS. USCIS is working to complete those referrals as quickly as possible and aims to make an initial disclosure from OIP's referral by April 15, 2022.

4. The Department of State (State) has completed its processing and production in this case with the possible exception of outstanding referrals received from OIP. State is following up to confirm whether it has finished processing the referrals and can provide a further update in the next joint status report.

5. DHS's Office of Intelligence & Analysis (I&A) has completed processing and production save for outstanding consults and referrals. I&A is currently following up on the status of those outstanding consults and referrals with the aim of completing all processing and production as soon as possible.

6. DHS's Privacy Office (DHS Privacy) has completed its production and processing in this case save for outstanding consults and referrals.  DHS Privacy is currently following up on the status of those outstanding consults and referrals with the aim of completing all processing and production as soon as possible. DHS Privacy is also working on completing the referral it received from OIP and aims to complete its production from that referral by April 15, 2022.

7. Regarding outstanding consults and referrals by DHS, I&A, and DHS Privacy, counsel for Plaintiffs and Defendants met and conferred on Thursday, March 10, 2022. During this call, Plaintiffs requested from Defendants an estimated timeline on when those referrals and

consultations will be completed.

II. Supplemental searches and productions by CBP and ICE

8. DHS's U.S. Customs and Border Protection (CBP) has completed its supplemental search and has been making monthly productions. CBP still has over 11,000 pages of records to process and anticipates completing its supplemental production by the end of the calendar year.

9. DHS's Immigration and Customs Enforcement (ICE) has substantially completed its supplemental search. ICE has not begun making supplemental productions of records. It intends to being producing responsive records beginning on April 20. In the meantime, it is reviewing the documents returned from its initial supplemental search of email records from the Office of Acquisition Management after reaching out to Plaintiffs about potentially agreeing on secondary search terms. ICE is reviewing the documents to determine whether and how a secondary search of those records should be conducted to more efficiently process and produce those records to Plaintiffs.

10. Counsel for Defendant ICE and Plaintiffs also discussed ICE's supplemental search at their recent meet and confer. Defendant requested Plaintiffs' assistance with narrowing a large set of potentially responsive email records to make processing and production more manageable. Defendants have also identified potentially responsive policy documents. Regarding email search terms, it is Plaintiffs' position that it is ICE's burden to conduct a "search reasonably calculated to uncover all relevant documents." *Zemansky v. Env't Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985). Plaintiffs emphasize that ICE has far more familiarity with its own records than Plaintiffs and that, as such, it is ICE's obligation to craft a set of search terms and/or search strings that will effectuate a reasonable search. Accordingly, Plaintiffs have requested that ICE propose in the

first instance any additional search terms or strings that it believes are reasonably calculated towards uncovering all relevant documents responsive to Plaintiffs' request. Plaintiffs are willing to confer over such search terms in an effort to help tailor them once ICE makes a proposal. Second, Plaintiffs have requested that ICE provide additional detail, if possible, regarding the categories or kinds of records that are appearing in the email records search, in order to assist Plaintiffs in the evaluation of any proposed search terms or strings. Finally, Plaintiffs have also requested that ICE begin processing and producing any responsive policy documents at this time rather than holding those records until the email search results issue is resolved. As discussed in paragraph 2, ICE has already begun the process of reviewing the initial search of former OAQ-employee email records and documents from that search. Based on the results of this review, ICE may be able to proceed without further input from Plaintiffs and had only reached out in the interests of potentially reaching an agreement between the parties to focus on the documents in which Plaintiffs were most interested and to minimize future litigation.

III. Plaintiffs' request for a court-ordered processing schedule

11. Plaintiffs submitted their FOIA Request to CBP and ICE nearly four years ago and filed this lawsuit more than three years ago, and yet these agencies have not yet completed their production of records responsive to that Request. Furthermore, a significant amount of time has passed since May 20, 2021, when the parties informed the Court that CBP would embark on a supplemental search (ECF 124) and since July 2, 2021, when this Court directed the parties to address Plaintiffs' concerns as to the sufficiency of the initial search conducted by ICE (ECF 137), a date shortly after which ICE informed the Court of its intent to perform a supplemental search. (ECF 138). These delays, regardless of their cause,

are at odds with FOIA's clear command to make records "promptly available." See 5 U.S.C. §552(a)(3)(A); see also Long v. IRS, 693 F.2d 907, 910 (9th Cir. 1982) (concluding that an agency's unreasonable delay in disclosing documents violated the FOIA and that "courts have a duty to prevent these abuses"). Given the thousands of potentially responsive pages that CBP and ICE have to process based on their supplemental searches, and in order to ensure the agencies make consistent progress toward completion in this long-running case, Plaintiffs respectfully request that the Court order a schedule requiring Defendants ICE and CBP to complete their supplemental searches and any processing and production of responsive records by dates certain (including interim processing dates, if necessary). Separately, Plaintiffs respectfully request a court-ordered schedule for the completion of outstanding consults and referrals by DHS, I&A, and DHS Privacy, in order to ensure that these consults and referrals are promptly addressed and resolved. Defendants oppose this request, but such processing schedules are common in other FOIA cases. If the Court agrees that such a schedule would be beneficial in this case, Plaintiffs propose that the parties confer over a proposed schedule for each agency following the status conference on March 29, 2022, and then submit the parties' joint or individual proposals to the Court for its consideration.

12. Defendants disagree that a court-ordered production schedule is necessary or productive in this case. On the outstanding consultations and referrals, Plaintiffs approached Defendants less than two weeks ago to request the estimated time remaining for the outstanding consultations and referrals. The agency components that sent out the consultations and referrals are following up with the receiving components and, in DHS Privacy and USCIS's case, the receiving components have already

provided upcoming production deadlines. Further, setting a deadline for all agency components makes little sense, since each agency component sent out documents for consultation and referral at different times and cannot predict that the agencies or entities to which records have been sent for referral or consultation will be able to complete their work by a certain time in light of their own prior obligations. Moreover, certain consultations and referrals may be sent out to additional agency components or up to leadership offices, complicating the timeline. Defendants instead request that this Court allow Defendants to continue to follow up on the outstanding consultations and referrals and submit a further update on their status in the next joint status report.

13. On CBP's and ICE's supplemental search, Plaintiff offers no reason for why a court-ordered production deadline is necessary. CBP has been diligently making monthly productions and, in light of the voluminous number of pages still left to review, has provided a reasonable production-end date estimate. ICE has meanwhile committed to a production start date and is still reviewing the initial results of a component of its supplemental search to determine the final number of potentially responsive pages to process, so it is not yet able to provide a production end-date. It thus makes little sense to order a production schedule for these two components at this juncture. While this case was filed in 2019, CBP's and ICE's supplemental searches began in mid- and late 2021, respectively, after extensive negotiations with Plaintiffs about their scope, and it is not unreasonable for these components' supplemental productions to be ongoing. Neither is it necessary for the court to step in to order a schedule when CBP and ICE are making steady progress. Defendants instead request that this Court allow the parties to continue communicate about the status of the supplemental searches and

to submit a further update on their status by the next joint status report.

14. The parties propose filing another joint status report on May 10, 2022.

Respectfully submitted,

DATED: March 22, 2022

*/s/ Matthew Cagle*

Matthew Cagle
American Civil Liberties Union Foundation
  of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
mcagle@aclunc.org

Patrick Toomey (admitted *pro hac vice*)
Scarlet Kim (admitted *pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
ptoomey@aclu.org
scarletk@aclu.org

*Attorneys for Plaintiffs*


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL (NY Bar)
Trial Attorney

U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0845
Vinita.b.andrapalliyal@usdoj.gov

*Attorneys for Defendants*